PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 4/1/96** TENTH CIRCUIT

SUZANNE MYERS, Administratrix of the )
Estate of Thomas James Myers, deceased; )
SAMSON MYERS, individually, and through )
Suzanne Myers, his parent and next friend; and )
SUZANNE MYERS, individually, )
)
      Plaintiffs-Appellees, )
)
    v. )      No. 95-6125
)      No. 95-6163
OKLAHOMA COUNTY BOARD OF COUNTY )
COMMISSIONERS; JOHN DOE, individually )
and as a Deputy of the Oklahoma County Sheriff's )
Department, )
)
      Defendant, )
)
J.D. SHARP, individually and as Sheriff of )
Oklahoma County; SCOTT CANNON, )
individually and as a Deputy Sheriff of the Oklahoma )
County Sheriff's Department; MARSHALL )
McDONALD, individually and as a Deputy Sheriff )
of the Oklahoma County Sheriff's Department, )
)
      Defendants-Appellants. )

Appeal from United States District Court
for the Western District of Oklahoma
(D.C. No. CIV-94-246-M)

John M. Jacobsen, Assistant District Attorney, (Robert H. Macy, District Attorney, and Patrick J. Morgan, Assistant District Attorney, with him on the brief), of Oklahoma City, Oklahoma, for the appellants.

Carl J. Franklin, of Norman, Oklahoma, for the appellees.

Before BRISCOE, HOLLOWAY, and MURPHY, Circuit Judges.

_____

BRISCOE, Circuit Judge.

_____

Plaintiffs Suzanne Myers and Samson Myers filed this 42 U.S.C. § 1983 action against the Board of County Commissioners of Oklahoma County and various officers of the Oklahoma County Sheriff's Department for the shooting death of Thomas James Myers. The individual defendants, including J.D. Sharp, appeal the district court's denial of their motion for summary judgment on the defense of qualified immunity (No. 95-6125). Plaintiffs appeal the district court's order granting summary judgment to defendant Sharp in his official capacity (No. 95-6163).

Suzanne Myers called 911 to request assistance after her husband Thomas locked himself inside the family's home and refused to allow her to enter. Suzanne knew that Thomas had a .22 rifle with him in the residence, and she also believed that he was intoxicated, depressed, and suicidal. Bethany police officers responded to the call shortly after noon. At approximately 1:30 p.m., Oklahoma County sheriff's officers arrived on the scene and took control of the situation. The sheriff's officers established contact with Thomas and began negotiating with him in an attempt to persuade him to abandon the weapon and leave the residence. After failing to convince Thomas to leave the residence, sheriff's officers obtained a voluntary third-party statement from Suzanne and presented it to a special district judge, who issued an order of forcible entry and detention.

At approximately 8:00 p.m., sheriff's officers entered the residence to enforce the order and to attempt to take Thomas into protective custody. Sergeant Marshall McDonald was the first officer to enter the residence. He alleged that he observed

2

Thomas begin to rise from a couch with a rifle in his hands and point the rifle directly at him. Sergeant Scott Cannon, who was immediately behind McDonald, alleged that he too observed Thomas rise from the couch, turn toward the officers, and raise his rifle. Although McDonald stated that he yelled "Freeze, Police," Thomas allegedly put the rifle to his shoulder and looked down the sight of the rifle at McDonald. McDonald and Cannon fired several rounds from their pistols at Thomas, and Thomas died as a result of gunshot wounds.

In the complaint filed in this action, plaintiffs claimed defendants deprived them of various constitutional rights in violation of 42 U.S.C. § 1983. Specifically, plaintiffs claimed defendants used excessive force in attempting to take Thomas into custody. Motions for summary judgment were filed by plaintiffs, by the defendants sued in their individual capacities, and by the Board of County Commissioners and Sharp sued in their official capacities. In their summary judgment motions, defendants asserted their defense of qualified immunity. In denying plaintiffs' motion, the district court found "there [wa]s significant probative evidence [from which] a jury could conclude the defendants' actions were reasonable and justified under the facts and circumstances confronting the officers at the time." Order of 3/10/95 at 4-5.

On March 13, 1995, the court issued two separate orders disposing of the remaining motions for summary judgment. With respect to the individual defendants' motion, the district court found there was a genuine issue for trial regarding the reasonableness of defendants' actions and the individual defendants were not entitled to qualified immunity on plaintiffs' excessive force claim. As for the motion filed by the Board of County Commissioners and defendant Sharp in his official capacity, the district

3

court concluded that summary judgment was appropriate.

The individual defendants appeal the district court's order denying them qualified immunity, and plaintiffs appeal the court's order granting summary judgment in favor of defendant Sharp in his official capacity. We first address whether we have jurisdiction to consider either of these appeals. In answering this question, we review the appeals in the order in which they were filed.

Defendants' Appeal - No. 95-6125

Under 28 U.S.C. § 1291, this court has jurisdiction to hear appeals only from "final decisions" of district courts. In light of this statutory limitation, interlocutory appeals are the exception and not the rule. Johnson v. Jones, 115 S.Ct. 2151, 2154 (1995). One well recognized exception allows public officials asserting a defense of qualified immunity to appeal a district court's denial of summary judgment on that defense if the issue on appeal is whether the constitutional right that was allegedly violated was "clearly established." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). However, this exception does not allow an immediate appeal of a "district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson, 115 S.Ct. at 2159; see Sevier v. City of Lawrence, 60 F.3d 695, 700 (10th Cir. 1995).

Here, the district court denied summary judgment to the individual defendants on their qualified immunity defense on the sole basis that "there [was] a genuine issue for trial regarding the reasonableness of defendants' conduct." Order of 3/13/95 at 8. More specifically, the court noted that "plaintiffs raised several factual issues from which a

4

reasonable person could conclude the degree of force used by the defendants was excessive under the facts and circumstances at the time." Id. at 5.

Prior to the filing of opening briefs, this court issued an order directing the parties to address what effect, if any, Johnson has upon this court's jurisdiction to consider these appeals. Defendants claim that Johnson "should have no effect on the jurisdiction of this Court" because, in denying plaintiffs' motion for summary judgment, the court specifically held that a "jury could conclude the defendants' actions were reasonable and justified under the facts and circumstances confronting the officers at the time." Appellants' br. at 34-35. In so holding, defendants argue, the court "effectively concluded the officers did not use unreasonable force," and "effectively declared that the officers did not violate clearly established law." Id. at 35. Defendants proceed to argue "this finding" should have entitled them to summary judgment on their individual qualified immunity defense. Defendants assert the court's March 13 order denying defendants summary judgment on their individual qualified immunity defense contradicted the court's March 10 order which effectively found defendants' actions were objectively reasonable.

Defendants have misread the district court's rulings. The court did not conclude that defendants' actions as individual defendants were reasonable or unreasonable. Rather, in denying plaintiffs' motion for summary judgment, the court simply concluded that defendants had presented sufficient evidence from which a jury could find in their favor. In other words, consistent with its denial of the individual defendants' motion for summary judgment on their individual qualified immunity defense, the court concluded that genuine issues of material fact existed with respect to the reasonableness of

5

defendants' conduct. Thus, although defendants argue their appeal is not barred by Johnson, we conclude otherwise.

In passing, it should be noted that, although defendants' appeal focuses almost exclusively on the factual evidence which would support a judgment in defendants' favor on individual qualified immunity grounds, defendants have arguably challenged the propriety of the legal standard used by the district court in denying their motion for summary judgment. Specifically, defendants argue the district court "erred in basing [its summary judgment decision] on a '**reasonable person**' standard rather than what a '**reasonable law enforcement**' officer would have done.'" Appellants' br. at 22 (emphasis in original). Again, defendants have misread the court's order. In referring to a "reasonable person," the court was obviously referring to a reasonable factfinder (i.e., a juror). The court was not, as suggested by defendants, altering the standard to be applied in determining whether a law enforcement officer's use of force was reasonable.

We conclude this court is without jurisdiction to review defendants' appeal.


Plaintiffs' Appeal - No. 95-6163

It is well settled that we can only address the underlying merits of a lawsuit if the requirements for appellate jurisdiction outlined in 28 U.S.C. § 1291 are satisfied. D & H Marketers v. Freedom Oil & Gas, 744 F.2d 1443, 1444 (10th Cir.1984). Under § 1291, we have jurisdiction only over "final" decisions of the district court; that is, those decisions that leave "nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Notably, "a decision 'final' within the meaning of § 1291 does not necessarily mean the last order possible to be made in a case."

6

Gillespie v. United States Steel Corp., 379 U.S. 148, 152 (1964).  Thus, a district court's decision is appealable if it falls within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."  Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949).

To come within Cohen's collateral order doctrine, an "order must '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.' "  Utah State Dept. of Health v. Kennecott Corp., 14 F.3d 1489, 1492 (10th Cir.) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)), cert. denied 115 S. Ct. 197 (1994).  Jurisdiction is not available under the collateral order doctrine unless all three of these requirements are met.  Id.

Here, the collateral order doctrine does not apply.  The collateral order doctrine does not apply most notably because the district court's order granting summary judgment in favor of defendant Sharp in his official capacity will be reviewable on appeal from the district court's final judgment.  Further, plaintiffs sought neither immediate entry of judgment under Rule 54(b) nor certification for an interlocutory appeal under 28 U.S.C. § 1292(b).  We are therefore without jurisdiction to review plaintiffs' appeal.

Both the individual defendants' appeal, No. 95-6125, and the plaintiffs' appeal, No. 95-6162, are DISMISSED for lack of jurisdiction.

7