UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 5/13/96**

BONNIE DUKE,

        Plaintiff-Petitioner,

v.

GRADY MUNICIPAL SCHOOLS,
GRADY SCHOOL BOARD, GEORGE
YORK, Superintendent of the Grady
Municipal Schools; PAT WOODS,
JERRY POWELL, ALAN SUMRALL,
PHIL BERRY, BRENT ARMSTRONG,
Members of the Grady Municipal School
Board, all in their individual capacities,

        Defendants.

No. 96-503
(D.C. No. CIV 94-1075-MV/LCS)
(D. N.M.)

BONNIE DUKE,

        Plaintiff-Appellee,

v.

GEORGE YORK, Superintendent of the
Grady Municipal Schools; PAT WOODS,

No. 96-2011
(D.C. No. CIV 94-1075-MV/LCS)
(D. N.M.)

JERRY POWELL, ALAN SUMRALL,
PHIL BERRY, BRENT ARMSTRONG,
Members of the Grady Municipal School
Board, all in their individual capacities,

    Defendants-Appellants.

  and

GRADY MUNICIPAL SCHOOLS and
GRADY SCHOOL BOARD,

    Defendants.

—————————————————

ORDER AND JUDGMENT*

—————————————————

Before ANDERSON, BALDOCK, and HENRY, Circuit Judges.

—————————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of the appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The appeal is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

These cases are before the court on petitioner's petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) (case No. 96-503) and defendants-appellants' appeal (case No. 96-2011) from an order denying their motion for summary judgment based on a qualified immunity defense.

Plaintiff initially commenced this civil action under 42 U.S.C. § 1983 against the members of the Grady School Board in their individual capacities, alleging that they had deprived her of a protectable property interest in her employment without due process of law. While the action was pending in the district court on the parties' cross motions for summary judgment, the Supreme Court of New Mexico decided Daddow v. Carlsbad Municipal School District, 898 P.2d 1235 (N.M. 1995), cert. denied, 116 S. Ct. 753 (1996). There, the court determined that a local board of education is not "an arm of the state" entitled to Eleventh Amendment immunity and is a "person" under 42 U.S.C. § 1983. Id. at 1240. Further, the state supreme court held that a § 1983 action against a political subdivision of the state is not barred by any statutory governmental immunity. Id. at 1243. With the district court's permission, plaintiff amended her complaint to include the school district, the school board, and the individual defendants in their official capacities as members of the Grady School Board. The newly added defendants moved to dismiss the complaint as to them. Plaintiff responded with a motion to strike the motion to dismiss. Defendants then filed a second motion for summary judgment.

In their first summary judgment motion, defendants had contended that they were entitled to qualified immunity because plaintiff could not show that she was entitled to procedural due process under clearly established law. In the second motion, defendants argued that plaintiff was not entitled to procedural due process as a matter of law. Finally, in the motion to dismiss, defendants asserted that they were immune under the Eleventh Amendment.

In its memorandum opinion on the various motions, the district court concluded that plaintiff clearly possessed a protectable interest in her employment; both sides agreed that plaintiff received no process upon her resignation from employment. The court found that due process claim raised one fact issue: whether plaintiff had voluntarily relinquished her property interest by resigning. The court further found that although plaintiff's resignation was not involuntary under her theory of duress or coercion (thus entitling defendants to qualified immunity on that issue), there nonetheless existed genuine issues of material fact as to whether the resignation was involuntary because of defendants misrepresentations to her. The court concluded that if plaintiff's resignation was involuntary, defendants had deprived her of a property interest without procedural due process.

With respect to the institutional defendants and the individual defendants sued in their individual capacities, the district court acknowledged its dilemma. The court was confronted with conflicting authority. On one hand, in Martinez v. Board of Education, 748 F.2d 1393, 1396 (10th Cir. 1984), the Tenth Circuit held that school districts in New Mexico are arms

4

of the state and consequently entitled to Eleventh Amendment immunity. On the other hand, more recently, the Supreme Court of New Mexico held in Daddow that school districts are not arms of the state, but rather local, public bodies which are subject to § 1983 liability. Specifically, the Supreme Court of New Mexico concluded that this court's decision in Martinez was erroneous. 898 P.2d at 1238.

While reluctant to overlook or disregard the New Mexico Supreme Court's interpretation of the state constitution or statutory law, the district court elected to follow Martinez and granted defendants' motion to dismiss. On January 24, 1996, the district court amended the order to include the language required by § 1292(b) necessary for immediate appeal, that the decision involves a controlling question of law as to which there is substantial ground for a difference of opinion. The superintendent and individual board members appealed the denial of qualified immunity (No.96-2011). Plaintiff, in turn, filed a petition for permission to appeal (No. 96-503).

There are two issues in these cases. First, does the court have jurisdiction over the appeal (case No. 96-2011)? Specifically, we directed the parties to brief whether the district court's order on qualified immunity was immediately reviewable in light of Johnson v. Jones, 115 S. Ct. 2151 (1995), and Sevier v. City of Lawrence, 60 F.3d 695 (10th Cir. 1995). In Johnson, the Supreme Court held that a district court's order denying a motion for summary judgment, "that, though entered in a 'qualified immunity case' determines only a question of 'evidence sufficiency,' i.e., which facts a party may or may not, be able to prove at trial,"

is not a "final decision," and consequently not immediately appealable. 111 S.Ct. at 2156. Here, the district court specifically ruled that the motions for summary judgment raised questions of material fact and denied them for that reason.

The defendants-appellants' arguments supporting appellate jurisdiction miss the mark and consequently are not persuasive. We conclude that this court is without appellate jurisdiction. See Myers v. Oklahoma County Bd .of County Comm'rs, 80 F.3d 421 (10th Cir. 1996); Shinault v. Cleveland County Bd. of County Comm'rs, Nos. 94-6318 and 94-6354, 1996 WL. 202908 (10th Cir. filed April 26, 1996).

It clearly appears that there is a head-on conflict between this court's decision in Martinez and the state supreme court's decision in Daddow. We agree with the district court's conclusion that an immediate appeal of the Eleventh Amendment issue will materially advance the course of the litigation. We conclude that an immediate appeal is authorized.

Accordingly, it is ordered as follows:

1. The appeal (case No. 96-2011) is DISMISSED for lack of appellate jurisdiction and

2 The petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) is GRANTED. The time for completion of all acts required by the Federal Rules of Appellate Procedure and the rules of this court shall run from the date of the entry of this order and judgment. See 10th Cir. R. 5.1.

ENTERED FOR THE COURT
PER CURIAM