**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:  COPLEY
PHARMACEUTICAL, INC.,
"Albuterol" Products Liability
Litigation.

_____

JAMES BURNS and VICKIE BURNS,
personally and as parents and
guardians of Jimmy Burns,

      Plaintiffs-Appellants,

v.

COPLEY PHARMACEUTICAL,
INC.,

      Defendant-Appellee,

and

NATIONAL PHARMACIES, INC.,

      Defendant.

No.  96-8054
(D.C. No. 94-MDL-1013
&
96-1601-MDL)
(D. Wyo.)

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs-appellants James and Vickie Burns (the Burnses) seek review of an order of the district court denying their untimely motion to opt out of a multidistrict class action against defendant-appellee Copley Pharmaceutical, Inc., the manufacturer of a prescription drug, albuterol sulfate inhalation solution (albuterol). The Burnses had filed an individual lawsuit, alleging that Copley and National Pharmacies, Inc., a seller of albuterol, are liable for the death of their child. We reverse and remand for additional findings.

## BACKGROUND

The Burnses filed their action on November 1, 1995, in South Carolina state court. At the time, Copley was the defendant in numerous other lawsuits, initiated after it had announced a voluntary recall of batches of contaminated

---

[**]     The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

albuterol. Previously, the judicial panel for multi-district litigation had consolidated the federal cases brought against Copley in the United States District Court for the District of Wyoming. On October 28, 1994, that court had certified the multi-district action as a Fed. R. Civ. P. 23(b)(3) class action of "[a]ll persons throughout the United States and its territories who suffered damages as a result of the inhalation of Albuterol manufactured, supplied, distributed or placed in commerce by Copley Pharmaceutical, Inc." In re Copley Pharm., Inc., ("Albuterol" Prod. Liability Litig.), 158 F.R.D. 485, 493 (D. Wyo. 1994).[1]

Class counsel was ordered to give notice of the action by direct mail to potential class members known to Copley[2] and class counsel, and by publication in USA Today and speciality magazines. The district court set the opt-out

[1] An account of the factual allegations, claims, and defenses in the class action can be found in the district court's order granting partial class certification. See In re Copley Pharm., 158 F.R.D. at 487. See also In re Copley Pharm., Inc. ("Albuterol" Prod. Liability Litig., 161 F.R.D. 456 (D. Wyo. 1995) (order denying defendant's motion to decertify the class and the court's trial plan).

[2] Copley was ordered to provide the names, addresses and phone numbers of all persons who may be considered members of the class, including persons identified from customer complaints, responses to recall notices, the lists of a claims service, lists provided by pharmacists or distributors, and lists of potential class members who had settled with Copley. Without making specific findings tied to the evidence, the district court declined Copley's request to require class counsel to send notice to pharmacists, which was "how people were notified of the problem" during the recall, Appellee's Suppl. App. at 120-21. See also In re Copley Pharm., 158 F.R.D. at 493 (in certifying class, the district court noted that "notice should not be terribly complicated [ ] [b]ecause Albuterol was distributed through prescriptions and Copley has already contacted distributors through its recall").

deadline of March 15, 1995. The parties reached a settlement on August 22, 1995, which the court preliminarily approved on August 28, 1995.

The following month, the Burnses learned of the class action from a physician who was treating their child. After contacting attorneys, they filed a motion to opt out of the class on October 20, 1995, and commenced their action in state court. The case was removed to federal court and included in the class action. On November 15, 1995, the district court entered an order finally approving the class action settlement. It did not enter the final order of dismissal required by the agreement[3] and retained jurisdiction to administer the agreement. On May 3, 1996, the district court denied the Burnses' motion to opt out, and allowed them thirty days to file a proof of claim. Rather than proceeding with their claim in the class action, the Burnses filed this appeal.

---

[3]     The settlement agreement is expressly conditioned upon the entry of an order dismissing with prejudice the class action and the other cases transferred by the judicial panel on multidistrict litigation.

## DISCUSSION

### A.    Jurisdiction

We first examine whether we have jurisdiction over this appeal, in light of

the lack of a dismissal order and the district court's continuing administration of

the settlement.  As we have previously explained, under 28 U.S.C. § 1291,

> we have jurisdiction only over "final" decisions of the district court;
> that is, those decisions that leave nothing for the court to do but
> execute the judgment.  Notably, a decision "final" within the
> meaning of § 1291 does not necessarily mean the last order possible
> to be made in a case.  Thus, a district court's decision is appealable if
> it falls within "that small class which finally determine claims of
> right separable from, and collateral to, rights asserted in the action,
> too important to be denied review and too independent of the cause
> itself to require that appellate consideration be deferred until the
> whole case is adjudicated."  Cohen v. Beneficial Industrial Loan
> Corp., 337 U.S. 541, 546 (1949).
>
> To come within Cohen's collateral order doctrine, an order
> must [1] conclusively determine the disputed question, [2] resolve an
> important issue completely separate from the merits of the action,
> and [3] be effectively unreviewable on appeal from a final judgment.

Myers v. Oklahoma County Bd. of County Comm'rs, 80 F.3d 421, 425 (10th Cir.),

cert. denied, 117 S. Ct. 383 (1996) (further citations and quotations omitted).

The circumstances of this case meet all three of the requirements of the

collateral order doctrine.  The denial of the motion to opt out (1) conclusively

determines the status of the Burnses' separate lawsuit; (2) resolves the Burnses'

claims concerning the adequacy of notice, which are separate from the merits of

the class action's settlement agreement; and (3) will be unreviewable on an appeal

-5-

from final judgment, in that the district court's order effectively binds the Burnses to the terms of the settlement agreement. We therefore conclude that the challenged order amounts to a final decision and we exercise our jurisdiction pursuant to § 1291.

**B.      Standard of Review**

We review the district court's denial of an opt-out motion for abuse of discretion. See Silber v. Mabon, 18 F.3d 1449, 1453 (9th Cir. 1994); In re Piper Funds, Inc. (Institutional Gov't Income Portfolio Litig.), 71 F.3d 298, 304 (8th Cir. 1995). "A court has abused its discretion when it 'based its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling.'" Mann v. Reynolds, 46 F.3d 1055, 1062 (10th Cir. 1995) (quoting Wang v. Hsu, 919 F.2d 130, 130 (10th Cir.1990)). "A district court that does not exercise its discretion, or makes a decision without providing reasons, abuses that discretion." ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir.1995).

**C.      Denial of Motion to Opt-Out**

The plaintiff class in the underlying action was certified as a Rule 23(b)(3) class, in which the judgment, whether favorable or not, includes all members who do not request exclusion. See Fed. R. Civ. P. 23(c)(3). "To alert class members to their right to 'opt out' of a (b)(3) class, Rule 23 instructs the court to 'direct to

the members of the class the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.'" Amchem Prods., Inc. v. Windsor, 117 S. Ct. 2231, 2246 (1997). Individual notice is "mandatory in (b)(3) actions" and the "requirement may not be relaxed based on high cost." Id. at 2246-47 (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173-77 (1974)). Actual receipt of notice is not necessary, however, so long as the best practicable notice was given to absent class members. Silber, 18 F.3d at 1454.

The Federal Rules of Civil Procedure allow the district court discretion in fashioning notice in class actions, see In re Agent Orange Prod. Liab. Litig., 818 F.2d 145, 168 (2d Cir. 1987), and in dealing with untimely motions to opt out, see Supermarkets Gen. Corp. v. Grinnell Corp., 490 F.2d 1183, 1186 (2d Cir. 1974). This discretion is the same whether the matter is viewed as arising under the court's discretion to extend time under Rule 6(b)(2), to grant relief from an order or judgment under Rule 60(b), or to implement Rule 23. See id. See also Silber v. Mabon, 18 F.3d at 1454 (referring to authority under Fed. R. Civ. P 6(b)(2), 23, and 60(b) to extend a class member's time to opt out); In re Four Seasons Sec. Laws Litig., 493 F.2d 1288, 1290-91 (10th Cir. 1974) (granting extension of time to opt out under Fed. R. Civ. P. 6(b)(2)).

On a late motion to opt out, a district court must determine (1) whether the movant's neglect was excusable, and (2) whether either party would be substantially prejudiced by the court's action. See Supermarkets Gen., 490 F.2d at 1186. The Ninth Circuit has provided a list of factors which may inform the court's discretion:

> the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment.

Silber, 18 F.3d at 1455 (footnote omitted).

The record shows that the Burnses' opt-out motion, which was filed approximately one month after the Burnses received actual notice of the class action and one month before final approval of the settlement, raised many of these concerns.[4] The district court, however, issued a summary ruling:

> The Court finds that the class notice procedures in this action complied with the requirements of Federal Rule of Civil Procedure 23 and due process and, therefore, were sufficient to bind all class members (including those who received constructive notice by publication) who failed to timely seek exclusion from the class. The above listed persons [including the Burnses] have failed to

---

[4] Copley argues that the Burnses waived consideration of the adequacy of the individual notice by failing to make an explicit reference to that issue in the initial motion. We disagree. The argument that the movant deserved individual notice is implicit in an opt-out motion based on lack of actual receipt.

demonstrate good cause for allowing them to now exclude themselves from the class.  Their motions, objections, and requests are, therefore, overruled and denied.

Appellee's Suppl. App. at 110.[5]

Because this ruling provides no findings indicating how the district court reached its conclusions, we cannot conduct meaningful appellate review.  We accordingly remand this action to give the district court an opportunity to make the appropriate findings, consider the factors relevant to the Burnses' motion to opt out of the class action, and exercise its discretion on the matter.

REVERSED and REMANDED.

Entered for the Court

J. Thomas Marten
District Judge

---

[5]     The above ruling disposed of all untimely motions for exclusion pending at the time of entry.  The Burnses' motion was only one of many.  We recognize that the district court was performing yeoman's duty in dealing with this multi-district litigation.