**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GEORGE L. GRAYSON,

      Plaintiff-Appellee,

v.

PHILLIP E. SNOW; ROBERT S.
JACKSON; JOHN D. CAROLLA,

      Defendants-Appellants.

No. 98-5188
(D.C. No. 97-CV-769-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants, City of Tulsa police officers, appeal the district court's denial of their motion for summary judgment in this civil rights action, brought pursuant to 28 U.S.C. § 1983, arguing that even under plaintiff's version of the facts they are entitled to qualified immunity. Because the district court denied summary judgment based on a dispositive factual dispute, and because defendants do not accept plaintiff's facts in this appeal, we dismiss the appeal for lack of jurisdiction.

This civil rights action arose out of a warrantless arrest. During the evening of August 22, 1996, police received a report that plaintiff had engaged in improper sexual conduct with several neighborhood children. After interviewing the children and their parents, defendant police officers arrived at plaintiff's home at approximately midnight. When they knocked on the door, plaintiff answered wearing only his underwear. The officers and plaintiff have different versions of what transpired next.

The officers presented affidavit testimony that plaintiff stepped out onto the front porch and was arrested there. See Appellant's App. at 30. The affidavit stated further that two of the officers never entered plaintiff's house at all that evening, and that the third officer only entered the house after the arrest, in the company of plaintiff's wife. See id. In response, plaintiff presented deposition testimony that he came to the door in his underwear, that he held the storm door

ajar and answered the officers' question whether he was George Grayson, that he then said "Just a second. Let me get some clothes on," and retreated into the house, and that the officers followed him into the house and arrested him there. Id. at 37. Plaintiff's wife also testified that when she came out of the bedroom the three officers were in the dining room and plaintiff was in handcuffs. See id. at 39. In their reply brief, the officers argued they were entitled to qualified immunity even under plaintiff's facts. The district court denied the officers' motion, holding that a genuine issue of material fact regarding the location of the arrest precluded summary judgment.

We must examine whether we have jurisdiction over this interlocutory appeal. "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999) (citations omitted).

An order denying qualified immunity is appealable before trial only if it involves "neat abstract issues of law." Johnson v. Jones, 515 U.S. 304, 317 (1995) (quotation omitted). When the district court's denial of qualified immunity rests on the existence of a genuine issue of fact which will determine

the availability of the defense, the ruling is not immediately appealable under the collateral order doctrine.    See id. at 310, 313-15 (affirming dismissal for lack of jurisdiction officers' appeal from denial of qualified immunity based on a factual dispute whether they engaged in beating, noting lack of separability from merits); Foote v. Spiegel , 118 F.3d 1416, 1422 (10th Cir. 1997) ("[G]overnment officials cannot appeal pretrial denial of qualified immunity to the extent the district court's order decides nothing more than whether the evidence could support a finding that particular conduct occurred.").  Such a denial may be appealed as a question of law, however, if a defendant argues that even under the plaintiff's facts there was no violation of clearly established law.    See Johnson v. Martin , 195 F.3d 1208, 1214-15 (10th Cir. 1999).

In this case, the district court denied summary judgment solely on the ground that plaintiff's evidence created a factual dispute on the dispositive issue of where the arrest occurred.  Although it is a close question, we conclude the court's ruling is not immediately appealable.    See, e.g. , Myers v. Oklahoma County Bd. of County Comm'rs , 80 F.3d 421, 425 (10th Cir. 1996) (holding district court's denial of qualified immunity was not immediately appealable when it rested solely on the existence of a factual dispute regarding the reasonableness of defendants' use of force).

The location of the arrest is pivotal to defendants' entitlement to qualified immunity, as it is well established that a warrantless arrest inside a suspect's home is unconstitutional unless it is justified by exigent circumstances or consent. See New York v. Harris , 495 U.S. 14, 15-17 (1990) (holding it "evident" that Fourth Amendment was violated when officers knocked on suspect's door, displayed their guns and badges when he answered, entered the apartment, and arrested suspect); Payton v. New York , 445 U.S. 573, 583, 590 (1980) (holding absent exigent circumstances or consent, police may not cross the threshold of a suspect's house without a warrant to make a routine felony arrest). Because the decision appealed was simply a determination that "the evidence could support a finding that [an arrest within the home] occurred, the question decided is not truly separable, and hence there is no final decision." Behrens v. Pelletier , 516 U.S. 299, 313 (1996) (quotations omitted).

Further, although defendants profess to accept plaintiff's facts as true, their argument that they did not violate clearly established law actually relies on a different version of events. That is, despite plaintiff's evidence that all three officers entered his house without justification or consent and then arrested him once inside, the officers argue that the arrest occurred at the entryway to the house, and that none of them entered the house prior to the arrest. See Appellant's Opening Br. at 4-5. As defendants have not accepted plaintiff's

version of the facts as true, the availability of qualified immunity is not a question of law that can be appealed immediately.

The appeal is DISMISSED for lack of jurisdiction.

Entered for the Court

Bobby R. Baldock
Circuit Judge