**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DERONN WRATHER;
STEPHEN WILLIAMS and
VINCENT TURNER,

Plaintiffs-Appellees,

v.

CITY OF TULSA; RON PALMER
and SUSAN SAVAGE, in their
official capacity as City of Tulsa
executive officers; TULSA POLICE
DEPARTMENT; BILL YELTON;
MICHAEL ECKERT; CHARLES
JORDAN; STEVEN MIDDLETON;
B. BONHAM; CHRIS WITT; SGT.
J. CLARK, in their official capacity
as Tulsa Police officers; and OTHER
UNKNOWN PERSONS, individually
and in their official capacities as
Tulsa Police Officers; W. B. MAJOR;
A. CORPORAL; A. WILSON; and
KEVIN JOHNSON, individually and
in their official capacity as Tulsa
Police officers,

Defendants,

and

BILL YELTON, individually;
MICHAEL ECKERT, individually;
CHARLES JORDAN; STEVEN
MIDDLETON, individually;
B. BONHAM, individually;
SGT. J. CLARK, individually;

No. 99-5224
(D.C. No. 97-CV-435-BU)
(N.D. Okla.)

and W.B. YORK, individually and in his official capacity as a Tulsa Police officer,

Defendants-Appellants.

## ORDER AND JUDGMENT [*]

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

Defendants-appellants W. B. York, Bruce Bonham, Bill Yelton, Michael Eckert, and Steven Middleton appeal the district court's denial of qualified immunity in this civil rights action. Because defendants-appellants are challenging the district court's conclusion that genuine factual disputes remain which affect the availability of qualified immunity, we lack jurisdiction over this interlocutory appeal and therefore dismiss. [1]

On May 4, 1996, members of the Ku Klux Klan held a rally on the Tulsa County courthouse steps, to be followed by a cross burning on private land. After

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

-2-

the rally had concluded, the Klansmen had been escorted to their cars, and the street had been reopened to traffic, a crowd of predominately African-Americans remained on a sidewalk approximately a block from the courthouse.

Tulsa police officers conferred with defendant-appellant York and decided to clear the crowd. The crowd was broken up through a combination of officers advancing into the crowd on horses, officers advancing in a skirmish line, pepper spray, and the arrest of uncooperative crowd members. Defendants-appellants Yelton, Bonham, Eckert, and Middleton participated in these actions. Plaintiffs were arrested during the dispersal of the crowd. Plaintiff Turner was arrested for disorderly conduct by defendant-appellant Bonham. Plaintiff Wrather, now married to plaintiff Turner, was arrested by defendant-appellant Eckert for obstructing officers, resisting arrest, and assaulting an officer. Plaintiff Williams was arrested for inciting a riot, assaulting an officer, and resisting arrest, by a number of officers, including defendant-appellant Middleton.

Plaintiffs filed an action against the City of Tulsa, the mayor, the police chief, and various police officers, alleging civil rights violations under the First, Fourth, and Fourteenth Amendments, and state law violations. All defendants filed motions for summary judgment, seeking qualified immunity for their conduct.

To show the existence of factual disputes, plaintiff Turner submitted an affidavit stating (1) that before police dispersed the crowd, people were peacefully assembled on the sidewalk, there were no threats of violence, and no one was asked to leave or given any warning before the horse attack; (2) that plaintiff Turner at no time made any loud or angry statements or failed to obey an order, and therefore was arrested without reason; and (3) that plaintiff Wrather did not interfere with Turner's arrest and thus was arrested without cause. Video evidence was also submitted, showing that before the horses arrived approximately ten Tulsa police officers were on the street facing a crowd of men, women, and children, predominately African-American, who were milling around on the sidewalk and grassy area, and were sitting on a concrete fence enclosing a parking lot. No angry threats or interchanges can be heard on the video tape, and the crowd's demeanor appears peaceful. The video then shows the Tulsa mounted police riding into the crowd, the skirmish line advancing, and the deployment of pepper spray. In the resulting chaos, the video shows several take-down arrests, including a struggle to get plaintiff Williams to the ground which ended with defendant-appellant Middleton kicking Williams in the head.

The district court considered each claim separately, and made several rulings relevant to this appeal: (1) regarding plaintiffs' claim that their First Amendment right to peaceably assemble had been violated, the district court

-4-

dismissed claims against three police officers, but held there was a factual dispute as to the objective reasonableness of the conduct of defendants-appellants York, Yelton, Eckert, Middleton, Bonham, and defendants Clark and Jordan;[2] (2) regarding plaintiffs' Fourth Amendment claims of false arrest and/or excessive violence, the district court dismissed claims against most of the officers, but denied qualified immunity on Turner's false arrest claims against defendant-appellant Bonham and defendant Clark, plaintiff Wrather's false arrest claim against defendant-appellant Eckert, and plaintiff Williams' excessive force claim against defendant-appellant Middleton; and (3) regarding the state law claims, the district court declined to enter summary judgment in favor of any of the defendants. Defendants-appellants York, Yelton, Eckert, Middleton, and Bonham have appealed these rulings, arguing they are entitled to qualified immunity as a matter of law.

We must examine whether we have jurisdiction over this interlocutory appeal. "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." United States ex rel.

---

[2] Defendants Clark and Jordan originally appealed the court's ruling, but have since withdrawn their appeals.

Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999) (citations omitted).

An order denying qualified immunity is appealable before trial only if it involves "neat abstract issues of law." Johnson v. Jones, 515 U.S. 304, 317 (1995) (quotation omitted). When the district court's denial of qualified immunity rests on the existence of a genuine issue of fact which will determine the availability of the defense, the ruling is not immediately appealable under the collateral order doctrine. Id. at 310, 313-15 (affirming dismissal for lack of jurisdiction officers' appeal from denial of qualified immunity based on a factual dispute whether they engaged in beating, noting lack of separability from merits); Foote v. Spiegel, 118 F.3d 1416, 1422 (10th Cir. 1997) ("[G]overnment officials cannot appeal pretrial denial of qualified immunity to the extent the district court's order decides nothing more than whether the evidence could support a finding that particular conduct occurred."). Such a denial may be appealed as a question of law, however, if a defendant argues that even under the plaintiff's facts there was no violation of clearly established law. Johnson v. Martin, 195 F.3d 1208, 1214-15 (10th Cir. 1999).

In this case, the district court denied summary judgment solely on the ground that plaintiffs' evidence created factual disputes whether the police conduct in breaking up the assembly and arresting several participants was

objectively reasonable.  Such a reasonableness inquiry precludes jurisdiction over defendants-appellants' claims on appeal.  Myers v. Okla. County Bd. of County Comm'rs, 80 F.3d 421, 425 (10th Cir. 1996) (holding district court's denial of qualified immunity was not immediately appealable when it rested solely on the existence of a factual dispute regarding the reasonableness of defendants' use of force).

Defendants-appellants York and Bonham attempt to cast their arguments as questions of law, however, arguing they cannot be held liable because they relied on information provided by other officers in making their decisions.  An officer "'may rely on information furnished by other law enforcement officials to . . . develop probable cause.'"  Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1260 (10th Cir. 1998) (quoting Albright v. Rodriguez, 51 F.3d 1531, 1536 (10th Cir. 1995)).  Qualified immunity is available, however, only if such reliance was "objectively reasonable."  Baptiste, 147 F.3d at 1260.  This is a question of fact.

Here, the record does not show what information was communicated to defendant-appellant York or to defendant-appellant Bonham.  Without such information, the court cannot presume that the officers acted reasonably simply because they relied on the observations of other officers.  Because the district court denied qualified immunity based on a factual dispute regarding the

reasonableness of York's and Bonham's decisions, and the officers do nothing more than challenge this ruling, we are without jurisdiction to review the denial. See, e.g. , McFarland v. Childers , 212 F.3d 1178, 1184 (10th Cir. 2000) (holding court lacked jurisdiction when appellant's argument "requests this court to review the record to determine if the district court correctly interpreted the facts to find a genuine dispute") (quotations omitted).

The appeal is DISMISSED for lack of jurisdiction.


Entered for the Court


Carlos F. Lucero
Circuit Judge