**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK HALL; LARRY HALL; JIMMY HALL; BRAD HALL; JUDY HALL; BETTY HALL; CLINT HALL and SHANNON HALL, as parents and next friends of Trevor Barnes, a minor child,

Plaintiffs-Appellees,

v.

KELLY BURKE, individually and in his official capacity as Deputy Sheriff of Wagoner County; DENNIS JAMES, individually and in his official capacity as Reserve Deputy of Wagoner County; GREG OWENS, individually and in his official capacity as Deputy Sheriff of Wagoner County; CARL GLASS, individually and in his official capacity as Deputy Sheriff of Wagoner County,

Defendants-Appellants,

and

DENNIS DANCER, individually and in his official capacity as Trooper of Oklahoma Highway Patrol; MIKE CHILDRESS, individually and in his official capacity as Trooper of Oklahoma Highway Patrol; LANCE SHIELDNIGHT, individually and in

No. 00-7077
(D.C. No. 99-CV-495-S)
(E.D. Okla.)

his official capacity as Deputy Sheriff of Wagoner County,

Defendants.

**ORDER AND JUDGMENT** *

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendants-appellants Dennis James and Greg Owens bring this interlocutory appeal from the district court's denial of their motions for summary judgment based on qualified immunity in this 42 U.S.C. § 1983 civil rights action. Because we lack subject matter jurisdiction to entertain defendants' appeals, we dismiss.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. Background Facts

On April 24, 1999, plaintiff Mark Hall and defendant Deputy Sheriff Kelly Burke had a hostile verbal exchange at a car wash in Wagoner, Oklahoma. When Officer Burke attempted to arrest Mark for assaulting a police officer, Mark fled the car wash and headed for the family ranch, owned by his parents, Larry and Judy Hall, located in Wagoner County. While pursuing Mark, Officer Burke called for back-up assistance. Defendants Dancer, Childress, James, Shieldnight, Owens, and Glass arrived at the Hall ranch in response. Also present at the scene, in addition to Mark, were Jimmy Hall, Larry Hall, Brad Hall, Betty Hall, Judy Hall, and a minor child. During the attempt to arrest Mark, several altercations took place resulting in the arrests of Larry Hall and his sons, Mark and Brad.

Plaintiffs, all members of the Hall family, brought this action, alleging various civil rights violations of state and federal law, including excessive force, false arrest, and conspiracy. Defendants filed motions for summary judgment based on qualified immunity which the district court granted in part and denied in part. Defendants Burke, Owens, James, and Glass appealed from the portions of the district court's order denying their motions for summary judgment based on qualified immunity.

In denying defendants' motions for summary judgment based on qualified immunity, the district court made a number of rulings as to the various parties.

The district court's findings of importance to our decision are those surrounding the arrest of Larry Hall. The court specifically found a factual dispute as to the officers' allegations that Larry Hall was arrested for physically interfering with the arrest of his sons, Mark and Brad. Contrary to this allegation, Larry Hall stated that when he was arrested, he was walking back to his house to call for assistance after observing the officers beating his son, Brad. Although neither defendant James or Owens actually arrested Larry Hall, both defendants were present. Defendant James testified that he observed Larry Hall lying on the ground and being pulled up by handcuffs. Defendant Owens testified that, although he observed Larry Hall walking toward the officers and telling them they were not going to arrest Mark, he did not observe Larry Hall physically interfering with the arrest of Brad. Judy Hall also testified that she saw Larry Hall walking toward the house at the time he was arrested. In this light, the district court concluded that there were genuine issues of disputed material fact as to whether the officers had probable cause to arrest Larry Hall. Moreover, as to the false arrest claims against James and Owens, the court found a disputed factual question as to whether, if the arrest of Larry Hall lacked probable cause, defendants' conduct in failing to prevent the unlawful arrest was objectively reasonable.

As an initial matter, this court ordered briefing on the issue of whether we had subject matter jurisdiction to entertain defendants' interlocutory appeals. We subsequently answered in the negative as to Burke and Glass and dismissed their appeals. As to James and Owens, we determined that we had jurisdiction to address the abstract legal question of whether a police officer had to personally participate in the arrest to be held liable for false arrest. After a thorough review of the parties' briefs and the record on appeal, however, we conclude that this is not the significant question raised by defendants' appeal.

Defendants cast their appellate argument as a question of law regarding whether it was clearly established that an officer must personally participate in an arrest to be held liable for false arrest. We construe their appeal, however, as raising the issue of whether the district court was correct in concluding that there were genuine issues of material fact remaining as to whether there was probable cause to arrest Larry Hall, and as to whether defendants' conduct in failing to intervene was objectively reasonable. Therefore, for the reasons that follow, we now reconsider our earlier decision and dismiss the appeals of James and Owens for lack of subject matter jurisdiction.

## II. Qualified Immunity

Qualified immunity protects public officials performing discretionary functions unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity leaves "ample room for mistaken judgments," protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Public officials whose mistaken judgments result from unsettled law, faulty information, or exigent circumstances may thus be entitled to qualified immunity. *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992).

When a public official asserts the defense of qualified immunity in a summary judgment motion, the court must first determine "whether plaintiff's allegations, if true, state a claim for a violation of a constitutional right that was clearly established when defendant acted." *Bisbee v. Bey*, 39 F.3d 1096, 1100 (10th Cir. 1994). This means that the plaintiff must establish that "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). If the plaintiff satisfies this burden, then, in order to be entitled to summary judgment, the defendant must show that "no material issues of fact remain as to whether the defendant's actions were objectively reasonable in light

of the law and the information the defendant possessed at the time of his actions." *Hollingsworth v. Hill*, 110 F.3d 733, 738 (10th Cir. 1997) (quotations omitted).

## III. Jurisdiction

We review issues of subject matter jurisdiction de novo. *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). Federal courts are courts of limited jurisdiction. Therefore, "we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Id.* (citations omitted).

In *Mitchell v. Forsyth*, 472 U.S. 511, 527-28 (1985), the Supreme Court held that an order denying summary judgment was a collateral order subject to immediate appeal under *Cohen v. Beneficial Industrial Loan Corp.* 337 U.S. 541 (1949), where (1) the defendant raised a qualified immunity defense, and (2) the issue appealed concerns, not which facts might be provable, but whether certain facts establish the violation of clearly established law. An order denying qualified immunity is appealable before trial only if it involves "neat abstract issues of law." *Johnson v. Jones*, 515 U.S. 304, 317 (1995) (quotations omitted); *accord Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001) (holding an order

denying qualified immunity will not be collaterally appealable unless it presents abstract issues of law).

When, as here, the district court's denial of the qualified immunity defense rests on the existence of a genuine issue of fact which will determine the availability of the defense, the order is not immediately appealable. *See Johnson*, 515 U.S. at 313-15; *Gross*, 245 F.3d at 1156 (holding that courts "clearly lack jurisdiction to review summary judgment orders deciding qualified immunity questions solely on the basis of evidence sufficiency--which facts a party may, or may not, be able to prove at trial") (quotation omitted); *Armijo ex rel. Chavez v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1259 (10th Cir. 1998) (noting that "where the district court makes a legal finding and states specific facts upon which that finding is based, we do not have jurisdiction to delve behind the ruling and review the record to determine if the district court correctly interpreted those facts to find a genuine dispute"); *Myers v. Okla. County Bd. of County Comm'rs*, 80 F.3d 421, 424-25 (10th Cir. 1996) (concluding that the court lacked jurisdiction to hear an appeal when "the district court denied summary judgment to the individual defendants on their qualified immunity defense on the sole basis that there was a genuine issue for trial regarding the reasonableness of defendant's conduct") (quotation omitted).

In this case, the right asserted by Larry Hall is the Fourth Amendment right to be free from arrest without probable cause. As found by the district court, that right was clearly established at the time of Larry Hall's arrest. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964); *see also Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1256 (10th Cir. 1998). "We have long recognized that it is a jury question in a civil rights suit whether an officer had probable cause to arrest." *DeLoach v. Bevers*, 922 F.2d 618, 623 (10th Cir. 1990); *see also Arnott v. Mataya*, 995 F.2d 121, 124 (8th Cir. 1993) ("Where there is a genuine issue of material fact surrounding the question of plaintiff's conduct, we cannot determine, as a matter of law, what predicate facts exist to decide whether or not the officer's conduct clearly violated established law."). Here, the district court specifically noted the conflicting versions of the incident presented by Larry Hall and the police officers regarding Larry Hall's conduct and whether there was probable cause to arrest him. Viewing Larry Hall's version of the facts favorably as the nonmoving party, which the court must do when considering summary judgment, *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999), his factual scenario was sufficient to determine that a reasonable officer could have believed the arrest to be unlawful under clearly established law. Therefore, it is clear that genuine issues of material fact remain

concerning whether the officers reasonably believed there was probable cause to arrest Larry Hall.

Next, the district court found, and we agree, that it is clearly established

> that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official[.] In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring. Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise.

*Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (citations omitted)*; see also Mick,* 76 F.3d at 1136 (holding that it is well established that a police officer has a duty to intervene to prevent use of excessive force by another police officer); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (holding under certain circumstances, a police officer's act of omission in failing to intervene will render him liable under § 1983).[1]

---

[1] We note that, contrary to defendants' argument on appeal, the plaintiff need not cite a factually identical case to establish that the law at issue was clearly established. *See Clanton v. Cooper*, 129 F.3d 1147, 1156 (10th Cir. 1997). Plaintiff may satisfy the burden "by citing cases that have a sufficient degree of factual correspondence to enable a reasonable officer to know that the officer's acts violated the plaintiff's constitutional or statutory rights." *Baptiste*, 147 F.3d at 1257 n.9.

The existence of probable cause to arrest Larry Hall is pivotal to defendants' entitlement to qualified immunity. The question of probable cause must be determined before it can be decided whether the defendants breached their duty to intervene to prevent unconstitutional conduct. Therefore, the district court correctly stated that it could not "determine as a matter of law what predicate facts exist to decide whether or not the officer's conduct violated clearly established law." Appellants' App. at 277, 289. Because this court cannot "review the record to determine if the district court correctly interpreted th[e] facts to find a genuine dispute," *Armijo*, 159 F.3d at 1259, we lack jurisdiction to entertain this appeal. *See Johnson*, 515 U.S. at 311; *see also Gross*, 245 F.3d at 1158 (holding that when appellate review "would necessitate an assessment of the district court's evidentiary conclusions, we must dismiss [defendants'] appeal of the district court's decision" denying qualified immunity).

Accordingly, the appeals of Dennis James and Greg Owens are DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge