**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LISA TEAGUE,

      Plaintiff-Appellee,

v.

RANDEL OVERTON, in his
individual capacity,

      Defendant-Appellant.

No. 00-7070
(D.C. No. 99-CV-565-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **HENRY, BRISCOE,** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this civil rights action, in which plaintiff-appellee Lisa Teague alleges that defendant-appellant Randel Overton caused her to be wrongfully arrested and falsely imprisoned, Overton appeals the district court's denial of his motion for summary judgment based on qualified immunity. We affirm in part and, for lack of jurisdiction, dismiss in part.

## FACTUAL BACKGROUND

On April 6, 1999, a series of three fires occurred at the Poor Boys Restaurant in Tulsa, Oklahoma. Only the third fire required the assistance of the fire department. After the third fire was extinguished, Overton, an Oklahoma state fire marshal investigator, conducted an investigation. In a probable cause affidavit, Overton stated that he believed that the fires were intentionally set. He sought a warrant for the arrest of the restaurant owner and three employees, including Teague, on the theory that their identical accounts of events were "at odds with the physical evidence found at the scene." Appellant's App. at 24.

Overton obtained the warrant and arrested Teague. She was incarcerated for sixty-five hours before being released. The case against Teague was dismissed. She then filed this action, alleging illegal arrest and false imprisonment in violation of her rights under the Fourth, Fifth, and Fourteenth Amendments.

Overton moved for summary judgment based on a qualified immunity defense. In support of the motion, he expanded on his theory against Teague, claiming that Teague's claimed position "would have placed her in the origin of the third fire." *Id.* at 19. He also provided an affidavit from another fire investigator repeating the conclusion that Teague's statement was incompatible with the evidence and adding that three other witnesses "gave exactly the same inconsistent statement." *Id.* at 21-22.

In response, Teague provided an affidavit from an assistant district attorney who stated that Overton made the probable cause determination and that the State's case against Teague consisted of only her "'location inside the building at the time the fires were set and Agent Overton's statement that all three fires were intentionally set.'" *Id.* at 68-69. She also provided an affidavit from an individual stating that Overton had admitted that he knew Teague "did not have anything to do with the fire" but that he believed "she knows something about it and is not talking." *Id.* at 83.

In ruling on Overton's summary judgment motion, the district court found "conflicting testimony which relates to the reasonableness of the defendant's actions in securing the arrest warrant and ultimately causing the imprisonment of

plaintiff." *Id.* at 118. [1]  The court therefore denied the motion for summary judgment and this interlocutory appeal followed.  On appeal, Overton again asserts that he is entitled to qualified immunity on both the false arrest and false imprisonment claims.

## DISCUSSION

In civil rights actions seeking damages from governmental officials, "courts recognize the affirmative defense of qualified immunity, which protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).  The protection of qualified immunity "giv[es] officials 'a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery.'" *Id.* (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)) (further quotations omitted).  Consequently, courts should resolve qualified immunity issues "at the earliest possible stage in litigation." *Id.*

---

[1]  We note with disapproval the parties' failure to attach the district court's summary judgment order to the briefs submitted in this court.  *See* 10th Cir. R. 28.2(A) (requiring appellant's brief to include, among other things, "copies of all pertinent written findings, conclusions, opinions, or orders of a district judge" even though they are also included in the appendix); *see also* 10th Cir. R. 28.2(B) (requiring appellee's brief to include "all the rulings required by (A)," in the event that appellant's brief fails to include them.

(quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)) (further quotation omitted).

As with other summary judgment motions, we review *de novo* the denial of a summary judgment motion raising qualified immunity questions. *Id.* "Because of the underlying purposes of qualified immunity," however, our review of a summary judgment decision based on qualified immunity is somewhat different from our review of such decisions in other contexts. *Id.*

> After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff. Applying the same standards as the district court, we must determine whether the plaintiff has satisfied a heavy two-part burden. The plaintiff must first establish that the defendant's actions violated a constitutional or statutory right. If the plaintiff establishes a violation of a constitutional or statutory right, he must then demonstrate that the right at issue was clearly established at the time of the defendant's unlawful conduct. In determining whether the right was clearly established, the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether the right was sufficiently clear that a reasonable officer would understand that what he is doing violates that right. . . . If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity. If the plaintiff successfully establishes the violation of a clearly established right, the burden shifts to the defendant, who must prove that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. In short, although we will review the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity.

*Id.* at *2-3 (quotations, citations, parentheticals, and footnote omitted).

-5-

In qualified immunity cases, there are also considerations specific to an examination of our appellate jurisdiction over a denial of summary judgment.

> A district court's denial of a defendant's summary judgment motion based on qualified immunity is an immediately appealable collateral order when the issue appealed concerns whether certain facts demonstrate a violation of clearly established law. . . . [N]ot every denial of summary judgment following the assertion of qualified immunity, however, is immediately appealable. Courts of appeals clearly lack jurisdiction to review summary judgment orders deciding qualified immunity questions solely on the basis of evidence sufficiency-which facts a party may, or may not, be able to prove at trial. Consequently, an order will not be immediately appealable unless it presents more abstract issues of law. . . . We need not, however, decline review of a pretrial order denying summary judgment solely because the district court says genuine issues of material fact remain; instead, we lack jurisdiction only if our review would require second-guessing the district court's determinations of evidence sufficiency. An order denying summary judgment based on qualified immunity necessarily involves a legal determination that certain alleged actions violate clearly established law. Defendants may therefore assert on appeal that all of the conduct which the District court deemed sufficiently supported for purposes of summary judgment meets the applicable legal standards.

*Id.* at *3 (quotations, citations, and parenthetical omitted).

Here, Teague's first claim, of false arrest, is premised on a lack of probable cause. *See Cottrell v. Kaysville City*, *Utah,* 994 F.2d 730, 733 (10th Cir. 1993). To comply with the Fourth Amendment, an arrest warrant must be based on "a substantial probability that a crime has been committed and that a specific individual committed the crime." *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996) (quotation omitted). The qualified immunity defense would shield

Overton from this claim (1) if his affidavit demonstrated sufficient probable cause to support an arrest or (2) if the affidavit failed to establish probable cause, but "a reasonably well-trained officer" would have been unaware of this shortcoming or that "he should not have applied for the warrant." *Malley*, 475 U.S. at 345.

We have jurisdiction to evaluate whether the affidavit is legally sufficient to support probable cause to arrest Teague. We review de novo the legal issue of whether the police had probable cause to arrest the defendant. *United States v. Edwards*, 242 F.3d 928, 933 (10th Cir. 2001).

> If an arrest warrant affidavit contains false statements, "the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit." Where information has been omitted from an affidavit, we determine the existence of probable cause "by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have given rise to probable cause for the warrant."

*Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (quoting *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996)). In performing the above analysis, we review the revised affidavit de novo and determine its sufficiency as a matter of law. *See id.* at 1562. Because the sufficiency of the affidavit is a legal issue reviewed de novo, it is the type of issue over which we have jurisdiction in an interlocutory appeal from a denial of qualified immunity. *See Johnson v. Jones*, 515 U.S. 304, 312-13 (1995).

Overton argues that the affidavit establishes probable cause to arrest Teague. The affidavit sets forth the following evidence:

1. The fire was an arson.

2. Teague was at the scene.

3. Teague's explanation of her location was inconsistent with Overton's analysis of where the fire took place. That is, Teague could not have been standing where she said she was if the fire began where Overton says it did.

4. The other employees agreed with Teague's explanation of where she was standing.

If believed, the affidavit is sufficient to establish probable cause. If Teague could not have been standing where she says she was standing, she must have lied to the police. If the other employees agreed with her story, there must have been a conspiracy. Lying to the police is an indicia of guilt. *See Booker v. Ward*, 94 F.3d 1052, 1058 (7th Cir. 1996). Presence at the crime scene, coupled with lying and other indicia of guilt can create probable cause. *See id*.

However, in evaluating this summary judgment motion, we examine the facts in the light most favorable to Teague. According to Teague, Overton lied in the probable cause affidavit by asserting the fire took place where Teague had been standing. We examine the affidavit without the alleged lie to see if

probable cause remains. *See Taylor*, 82 F.3d at 1561. Without Overton's assessment of where the fire took place, there is no reason to believe that Teague lied to the police or that she and the other employees engaged in any type of conspiracy. At that point, the affidavit only shows that Teague was present when the arson took place. This is insufficient to create probable cause.

Despite the inadequacy of his affidavit, Overton may still be entitled to qualified immunity for requesting an arrest warrant unless he should have known, under a standard of "objective reasonableness," that "his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley,* 475 U.S. at 345. The district court denied summary judgment on this issue solely on the ground that Teague's evidence created factual disputes as to the reasonableness of Overton's actions in securing the warrant. "Because further review would necessitate an assessment of the district court's evidentiary conclusions, we must dismiss" Overton's appeal of this aspect of the district court's decision for lack of jurisdiction. *Gross*, 245 F.3d at 1158.

A similar jurisdictional analysis applies to the district court's disposition of Teague's false imprisonment claim. The court found "disputes of material facts as to this issue, thus [] prohibiting" entry of summary judgment on the claim. Appellant's App. at 119. We lack jurisdiction over the appeal of this ruling.

## CONCLUSION

For the reasons stated above, the district court's ruling on summary judgment is AFFIRMED to the extent it is based on lack of probable cause contained in the affidavit executed by Overton. Because the record reveals genuine issues of material fact concerning the objective reasonableness of Overton's actions, we DISMISS the remainder of the appeal.

Entered for the Court

Robert H. Henry
Circuit Judge