FILED
United States Court of Appeals
Tenth Circuit

October 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMAS CAMARGO-CHAVEZ, a/k/a
Thomas Camargo, a/k/a Thomas
Camargo-Chavez, a/k/a Scarface,

Defendant - Appellant.

No. 14-7068
(D.C. No. 6:14-CR-00004-JHP-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **MORITZ**, Circuit Judges.

After sources tipped off the Oklahoma Bureau of Narcotics that Mr.
Camargo-Chavez was dealing methamphetamine in the small town of Poteau,
officers pulled his record and discovered that he'd already been arrested once for
the same offense and deported from the United States. So they kept an eye out.
And soon enough they spotted Mr. Camargo-Chavez parking his car at a casino

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case
is therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

known locally as a venue for drug distribution. Officers approached, asked Mr. Camargo-Chavez if he had any guns, knives, or drugs in his car, and he told them no. The officers then sought and received consent to search the car, and it wasn't long after that they discovered a knife — one covered in a glue-like substance. They discovered, too, a sealed case of beer that seemed unusually light and covered with excess glue, suggesting to the officers that it had been opened, altered, and then resealed. Officers tore open the box and found inside nine resealable aluminum beer bottles, some of which felt normal in weight but others of which felt much too light — suggesting that some of the bottles, too, had been opened, altered, and resealed. So the officers twisted off the caps of the anomalous bottles and, as they suspected, one contained methamphetamine. In response to the federal drug charges that followed, Mr. Camargo-Chavez filed but lost a motion to suppress and then tendered a guilty plea, though one preserving his right to attack the district court's suppression ruling on appeal.

The issue before us is a narrow one. There's no dispute that the officers possessed Mr. Camargo-Chavez's consent to search his car. Instead, Mr. Camargo-Chavez argues only that his consent didn't extend to the search of the beer case found inside the car — and that, in the absence of consent, the officers needed but lacked probable cause to open the container.

It's this latter argument we stumble over. For it seems to us that, even assuming Mr. Camargo-Chavez's consent didn't extend to the search of the beer

case, by the time the officers opened it they had probable cause to think it would bear evidence of a drug crime. Probable cause to conduct a search is said to exist "when the facts available to [an officer] would warrant a [person] of reasonable caution in the belief that contraband or evidence of a crime is present" in the place to be searched. *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013) (second alteration in original) (internal quotation marks omitted). This standard doesn't require "proof beyond a reasonable doubt or [even] by a preponderance of the evidence," *Illinois v. Gates*, 462 U.S. 213, 235 (1983); it demands only "a fair probability that contraband or evidence of a crime will be found in a particular place," *id.* at 238. And at least that much we think existed here.

By the time the officers opened the container, after all, they possessed quite a lot of information suggesting drugs might be hidden inside. They knew that more than one confidential source thought Mr. Camargo-Chavez was selling methamphetamine in town; that he had already been arrested for selling methamphetamine; that he was parked at a location known for drug dealing; that there was a knife in the car despite his representation otherwise; that the sealed beer case didn't weigh as much as one bearing full bottles; and that glue could be found on the knife and on the beer case, reasonably suggesting the case had been opened, altered, and resealed. Even if each of these facts might by itself be insufficient to give rise to probable cause (for example, we don't know much about the sources and so cannot rely too heavily on their tips), collectively they

paint a picture suggesting a fair probability that contraband would be found inside the case. Indeed, factors like these have long been considered capable of contributing to a finding of reasonable suspicion or probable cause. *See, e.g.*, *United States v. DeJear*, 552 F.3d 1196, 1200-01 (10th Cir. 2009) (location known for criminal activity); *United States v. West*, 219 F.3d 1171, 1179 (10th Cir. 2000) (prior criminal record); *Teague v. Overton*, 15 F. App'x 597, 601 (10th Cir. 2001) (lies to officers); *United States v. Lyons*, 510 F.3d 1225, 1241-42 (10th Cir. 2007) (signs spare tire had been recently replaced); *United States v. Muniz-Melchor*, 894 F.2d 1430, 1437-38 (5th Cir. 1990) (similar); *United States v. Ramsey*, 431 U.S. 606, 609, 614 (1977) (letters from a country known for narcotics were heavier and bulkier than normal airmail).

In reply, Mr. Camargo-Chavez offers two arguments. First, he suggests the officers lacked probable cause to suspect him of dealing in drugs because they told him they were only investigating an immigration violation. But an officer's ostensible (or even actual) motive for a search is not dispositive under the Fourth Amendment: the relevant question is instead whether, objectively speaking, probable cause existed for the search as performed. *See Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). Second, Mr. Camargo-Chavez argues the search in this case ran afoul of this court's decision in *United States v. Osage*, 235 F.3d 518 (10th Cir. 2000). But that case considered only whether a

- 4 -

defendant's consent to a search of his suitcase extended so far as to allow officers to open a can they found inside. *See id.* at 519-20 & n.1. *Osage* did not address, let alone claim to answer, the question before us — whether, assuming a search was not consensual, it was supported by probable cause all the same. *See United States v. Carbajal-Iriarte*, 586 F.3d 795, 802-03 (10th Cir. 2009). As a result, the decision in that case does not dictate our conclusion in this one.

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge