**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

WILLIAM GROSS,

       Plaintiff - Appellee,

    v.

DEPUTY QUENT PIRTLE and DONA
ANA COUNTY,

       Defendants - Appellants.

No. 00-2130

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D. Ct. No. CIV-99-802-RLP/LFG)

---

Cindy J. Lovato-Farmer, Narvaez Law Firm, Albuquerque, New Mexico,
appearing for Appellants.

Joseph P. Kennedy, Albuquerque, New Mexico, appearing for Appellee.

---

Before **TACHA** , Chief Judge, **KELLY** , Circuit Judge, and **LUNGSTRUM** ,[*]
District Judge.

---

**TACHA** , Chief Judge.

---

    [*]Honorable John W. Lungstrum, Chief District Judge for the District of
Kansas, sitting by designation.

The defendant appeals from the district court's order denying summary judgment based on the defense of qualified immunity. Because we lack jurisdiction, we dismiss the defendant's appeal of the district court's decision regarding the wrongful arrest claim, but we exercise jurisdiction under 28 U.S.C. § 1291 to review and reverse the district court's decision regarding the excessive force claim. We remand to the district court for proceedings consistent with this opinion.

## I. Background

Based on the record, the relevant facts are as follows. At approximately 10:45 p.m. on November 13, 1998, Plaintiff William Gross was detained at a sobriety checkpoint. Mr. Gross admitted to consuming alcohol with dinner but passed a field sobriety test. Noticing Mr. Gross was driving a vehicle with a dealer license plate, Defendant Deputy Quent Pirtle then questioned him about the use of the dealer plate. Mr. Gross contends that he told Deputy Pirtle he owns a car dealership and was road testing the vehicle in accordance with New Mexico law. In addition, both parties acknowledge that Mr. Gross asked Deputy Pirtle to review a statute that, according to Mr. Gross, applied to his use of the dealer plate. Deputy Pirtle returned to his car and read the statute but concluded it did not support Mr. Gross's lawful use of the dealer plate.

Deputy Pirtle then asked Mr. Gross to sign a traffic citation for improper

-2-

use of evidence of registration under section 66-8-2 of the New Mexico Code. According to Deputy Pirtle, he informed Mr. Gross that a signature was not an admission of guilt but Mr. Gross repeatedly objected to signing the citation. Eventually Mr. Gross did sign the citation, writing "under protest" under the signature line. The parties disagree about the subsequent details. Because Mr. Gross's signature on the citation did not resemble his signature on his driver's license, Deputy Pirtle contends that he asked Mr. Gross to sign another citation, which Mr. Gross refused to sign. Mr. Gross, however, claims he properly signed the citation using his initials as he signs all his business documents, and Deputy Pirtle did not ask him to sign a second citation.

In addition to refusing to sign the second citation, Deputy Pirtle claims Mr. Gross demanded an immediate appearance before a magistrate, which Deputy Pirtle explained would require a custodial arrest. Shortly thereafter, Deputy Pirtle arrested Mr. Gross under section 66-8-122 of the New Mexico Code, which authorizes a custodial arrest for a traffic violation upon the occurrence of one of the specified conditions, including an arrestee's request for an immediate appearance before a magistrate and an arrestee's refusal to "give his written promise to appear in court." N.M. Stat. Ann. § 66-8-122(A) & (F). During the course of the arrest, Mr. Gross contends that, although he did not resist arrest, Deputy Pirtle kicked him "very hard" in his foot, resulting in a bone spur injury.

Mr. Gross subsequently brought suit against Deputy Pirtle and Dona Ana County for various civil rights and tort violations of state and federal law. The only claims at issue on appeal are the Fourth Amendment claims against Deputy Pirtle. Mr. Gross argues that Deputy Pirtle violated his Fourth Amendment rights in unreasonably detaining and wrongfully arresting him. In addition, he claims Deputy Pirtle used excessive force during the arrest. In response to the defendants' summary judgment motion raising the defense of qualified immunity, the district court concluded genuine issues of material fact remain regarding the wrongful arrest and excessive force claims. The defendant Deputy Pirtle appeals the district court's denial of the summary judgment motion with respect to these two claims.

## II. Standard of Review in Qualified Immunity Cases

Although actions for damages provide an important remedy for individuals injured by governmental officials' abuse of authority, such actions sometimes subject officials to costly and harassing litigation and potentially inhibit officials in performing their official duties. Anderson v. Creighton, 483 U.S. 635, 638 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982). In order to balance these competing interests, courts recognize the affirmative defense of qualified immunity, which protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). The Supreme

-4-

Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" Behrens v. Pelletier, 516 U.S. 299, 308 (1996) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). Consequently, courts should resolve the "purely legal question," Siegert v. Gilley, 500 U.S. 226, 232 (1991), raised by a qualified immunity defense "'at the earliest possible stage in litigation.'" Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995) (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

We review the denial of a summary judgment motion raising qualified immunity questions de novo. Wilson v. Meeks, 52 F.3d 1547, 1551 (10th Cir. 1995) [hereinafter Wilson I]; Bella v. Chamberlain, 24 F.3d 1251, 1254 (10th Cir. 1994). Because of the underlying purposes of qualified immunity, we review summary judgment orders deciding qualified immunity questions differently from other summary judgment decisions. Nelson v. McMullen, 207 F.3d 1202, 1205-06 (10th Cir. 2000). After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff. Scull v. New Mexico, 236 F.3d 588, 595 (10th Cir. 2000); Adkins v. Rodriguez, 59 F.3d 1034, 1036 (10th Cir. 1995). Applying the same standards as the district court, we must determine whether the plaintiff has satisfied a "heavy two-part burden." Albright, 51 F.3d at 1534; accord Wilson I,

52 F.3d at 1552 .[1]  The plaintiff must first establish "that the defendant's actions violated a constitutional or statutory right."      Albright , 51 F.3d at 1534;    see also Wilson v. Layne  , 526 U.S. 603, 609 (1999) (noting the court must first decide whether the plaintiff has alleged deprivation of a constitutional right).  If the plaintiff establishes a violation of a constitutional or statutory right, he must then demonstrate that the right at issue was clearly established at the time of the defendant's unlawful conduct.      Albright , 51 F.3d at 1534.  In determining whether the right was "clearly established," the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether "the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right."      Wilson v. Layne  , 526 U.S. at 615 (internal quotation marks omitted).

This two-step analysis "is designed to 'spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit.'"      Wilson v. Layne  , 526 U.S. at 609 (quoting

[1] This circuit has previously required plaintiffs to meet a heightened pleading standard when subjective intent is at issue and the defendant raises a qualified immunity defense.    See, e.g. , Breidenbach v. Bolish   , 126 F.3d 1288 (10th Cir. 1997).  We recently held that the heightened pleading requirement does not survive the Supreme Court's opinion in      Crawford-El v. Britton   , 523 U.S. 574 (1998).  Currier v. Doran   , 2001 WL 202045 (10th Cir. Mar. 1, 2001).  Our decision in  Currier  is not directly implicated in this case because we review the issues presented in the context of summary judgment.

Siegert, 500 U.S. at 232)).  If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity.  Albright, 51 F.3d at 1535.  If the plaintiff successfully establishes the violation of a clearly established right, the burden shifts to the defendant, who must prove "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'"  Id. (quoting Hinton v. City of Elwood, 997 F.2d 774, 779 (10th Cir. 1993)).  In short, although we will review the evidence in the light most favorable to the nonmoving party,  Nelson, 207 F.3d at 1205, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity.

### III.  Jurisdiction: Immediate Appeal from Denial of Summary Judgment in Qualified Immunity Cases

A district court's denial of a defendant's summary judgment motion based on qualified immunity is an immediately appealable "collateral order" when the issue appealed concerns whether certain facts demonstrate a violation of clearly established law.  Mitchell v. Forsyth, 472 U.S. 511, 527-28 (1985) (concluding summary judgment order deciding qualified immunity issues satisfies the test from Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), because it is "effectively unreviewable," separate from the merits, and "conclusively" settles the issue of a defendant's immunity from suit).  The Supreme Court has, however, cautioned that not every denial of summary judgment following the assertion of

qualified immunity is immediately appealable. Johnson v. Jones, 515 U.S. 304, 313 (1995). Courts of appeals clearly lack jurisdiction to review summary judgment orders deciding qualified immunity questions solely on the basis of evidence sufficiency–"which facts a party may, or may not, be able to prove at trial." Id. Consequently, an order will not be immediately appealable unless it "present[s] more abstract issues of law." Id. at 317.

Hence, we have observed that defendants may not immediately appeal a pretrial order deciding "nothing more than whether the evidence could support a finding that particular conduct occurred." Foote v. Spiegel, 118 F.3d 1416, 1422 (10th Cir. 1997). We need not, however, decline review of a pretrial order denying summary judgment solely because the district court says genuine issues of material fact remain; instead, we lack jurisdiction only if our review would require second-guessing the district court's determinations of evidence sufficiency. Behrens v. Pelletier, 516 U.S. 299, 312-13 (1996) ("Denial of summary judgment often includes a determination that there are controverted issues of material fact . . . and Johnson surely does not mean that every such denial of summary judgment is nonappealable."). An order denying summary judgment based on qualified immunity necessarily involves a legal determination that certain alleged actions violate clearly established law. Id. at 313. Defendants may therefore assert "on appeal that all of the conduct which the

District court deemed sufficiently supported for purposes of summary judgment" meets the applicable legal standards. Id. Even when the district court concludes issues of material fact exist, we have reviewed the legal question of whether a defendant's conduct, as alleged by the plaintiff, violates clearly established law. Malik v. Arapahoe County Dep't of Soc. Servs., 191 F.3d 1306, 1315 (10th Cir. 1999); Clanton v. Cooper, 129 F.3d 1147, 1153 (10th Cir. 1997); see also Wilson v. Meeks, 98 F.3d 1247, 1251-52 (10th Cir. 1996) [hereinafter Wilson II] (noting that–following Johnson and Behrens –other circuits characterize review of whether the plaintiff's version of the facts establishes a constitutional violation as a legal question, which is immediately appealable).

## IV. Wrongful Arrest Claim

Mr. Gross argues his arrest violates his Fourth Amendment rights because Deputy Pirtle did not have probable cause to detain and subsequently arrest him for unlawful use of the dealer plate. Because the district court concluded issues of material fact exist without making explicit factual findings, we must review the record to extract the facts the district court likely relied on in reaching its conclusion. Johnson, 515 U.S. at 319 (explaining that the appellate court "may have to undertake a cumbersome review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed"). If we determine the district court's conclusion rests on findings of

evidence sufficiency, we must dismiss for lack of jurisdiction.

Although many of the facts in this case are disputed, not all of these facts are necessarily material. For example, the disagreement regarding whether Mr. Gross properly signed the first citation and whether he was asked to sign a second citation is immaterial if Deputy Pirtle lacked probable cause to detain Mr. Gross after the purpose of the initial stop ended. See V-1 Oil Co. v. Means, 94 F.3d 1420, 1424 (10th Cir. 1996) (noting a "detention must be reasonably related in scope to the circumstances that justified the stop" and a detention outside the scope violates the Constitution); United States v. McSwain, 29 F.3d 558, 561-62 (10th Cir. 1994) (holding that, after purpose of the traffic stop ended, reasonable suspicion no longer existed and further detention of the driver exceeded the permissible scope). In order for the arrest to be lawful, Deputy Pirtle must have had probable cause to detain Mr. Gross for unlawful use of the dealer plate.

After reviewing the record, we find that genuine issues of material fact remain concerning whether Deputy Pirtle believed he had probable cause to detain Mr. Gross following the administration of the sobriety field test. Although section 66-3-401 of the New Mexico Code permits general use of a special dealer plate, certain vehicles, such as parts or delivery vehicles, owned by dealers are excluded from the subsection authorizing general use. N.M. Stat. Ann. § 66-3-401(B). The district court could, therefore, have identified disputed facts

concerning Deputy Pirtle's classification of the vehicle and its concomitant use under the vehicle registration laws. Because further review would necessitate an assessment of the district court's evidentiary conclusions, we must dismiss Deputy Pirtle's appeal of the district court's decision that issues of material fact exist regarding the wrongful arrest claim.

## V. Excessive Force Claim

Claims of excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). The reasonableness of an officer's conduct must be assessed "from the perspective of a reasonable officer on the scene," recognizing the fact that the officer may be "forced to make split-second judgments" under stressful and dangerous conditions. Id. at 396-97. The Fourth Amendment standard requires inquiry into the factual circumstances of every case; relevant factors include the crime's severity, the potential threat posed by the suspect to the officer's and others' safety, and the suspect's attempts to resist or evade arrest. Id. at 396. The reasonableness standard is "clearly established" in the context of § 1983 actions. Wilson I, 52 F.3d at 1552.

Despite the district court's decision that issues of material fact exist concerning Mr. Gross's excessive force claim, we have jurisdiction to determine whether Deputy Pirtle's conduct, as described by Mr. Gross, violates clearly

established law.  After reviewing the record, we conclude Mr. Gross's claim that Deputy Pirtle kicked his foot "very hard" does not contravene the Fourth Amendment's reasonableness standard.  In reviewing excessive force claims, we acknowledge that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham , 490 U.S. at 396 (internal citations and quotation marks omitted).     In making an arrest, officers may "use some degree of physical coercion or threat thereof to effect it."    Id.  For example, in order to position an arrestee for a pat down search for weapons, officers frequently use a reasonable amount of force. See Dixon v. Richer , 922 F.2d 1456, 1462 (10th Cir. 1991) (noting that what the plaintiff characterized as a "kick" could be characterized as a "reasonable act" intended to prepare arrestee for a pat down).  Viewing the record in the light most favorable to Mr. Gross, we conclude he has failed to establish that Deputy Pirtle's actions constituted excessive force, and Deputy Pirtle is therefore entitled to qualified immunity as a matter of law.

Because the record reveals genuine issues of material fact, we DISMISS the defendant's appeal of the district court's order denying summary judgment with respect to the wrongful arrest claim.  The plaintiff has, however, failed to show that the defendant used excessive force in violation of his Fourth Amendment rights.  We therefore REVERSE the district court's denial of summary judgment

with respect to the excessive force claim.  We REMAND to the district court for proceedings consistent with this opinion.