**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NORMAN JOE LANGFORD,

      Plaintiff-Appellee,

v.

SHANE WYATT, Warden; BILL
DAUGHTERY; LARRY G. MCGILL,

      Defendants-Appellants,

and

GRADY COUNTY CRIMINAL
JUSTICE AUTHORITY; KIERAN
MCMULLEN; JACK D. PORTER;
CHRIS ANGEL; JOHN MOSLEY,

      Defendants.

No. 09-6283
(D.C. No. 5:08-CV-00389-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Norman Joe Langford, proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983 against Grady County, Oklahoma, Detention Center Administrator Shane Wyatt and Lieutenants Bill Daughtery and Larry G. McGill. Mr. Langford alleged that during his nearly two-year detention, mostly as a pretrial detainee, they subjected him to unconstitutional incarceration conditions and denied him mental health care.[1]  More specifically, he asserted that (1) he was denied drinking water, heat, clothing, and bedding for three days in November 2006 when he was housed in maximum security; (2) he was denied recreation for nearly two years; (3) he was strapped to a restraint chair for twelve hours following a suicide attempt and for ten of the twelve hours he was required to sit in his own waste; and (4) he was denied medication and treatment for mental illness for nearly two years, including the time period before and after his suicide attempt.[2]

Defendants moved for summary judgment on the basis of qualified immunity.  The district court adopted the magistrate judge's thorough supplemental report and recommendation and denied summary judgment based on qualified immunity to Administrator Wyatt on the second and fourth claims and to Lieutenants Daughtery and McGill on all four claims.  *Langford v. Grady Cnty.*

---

[1]     Mr. Langford also asserted claims against other defendants.  Those defendants are not parties to this appeal.

[2]     Mr. Langford asserted several other claims against the three defendants that are not at issue in this appeal.

*Det. Ctr.*, 670 F. Supp. 2d 1213 (W.D. Okla. 2009).  The court determined that Mr. Langford had asserted sufficient facts to establish a constitutional violation with respect to each claim and that genuine issues of material fact existed with respect to each claim.  Defendants appeal, arguing that Mr. Langford failed to affirmatively link their actions to any constitutional violation and, even if he had done so, he failed to show they violated his constitutional rights.

Although the parties do not address our jurisdiction to consider this appeal, we sua sponte consider whether we have jurisdiction.  *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1380 (10th Cir. 1998).  The law concerning our jurisdiction over an appeal from a district court's denial of summary judgment based on qualified immunity is well settled.

"A district court's denial of a defendant's summary judgment motion based on qualified immunity is an immediately appealable 'collateral order' when the issue appealed concerns whether certain facts demonstrate a violation of clearly established law."  *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 527-28 (1985)).  But "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."  *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995); *see also Thomas v. Durastanti*, 607 F.3d 655, 659 (10th Cir. 2010) ("An appellate court lacks jurisdiction in an interlocutory qualified immunity

appeal to resolve *genuine* disputes of fact."). In other words, "we are not at liberty to review a district court's factual conclusions, such as the existence of a genuine issue of material fact for a jury to decide, or that a plaintiff's evidence is sufficient to support a particular factual inference." *Zia Trust Co. ex rel. Causey v. Montoya*, 597 F.3d 1150, 1152 (10th Cir. 2010) (quotation marks omitted). Indeed, our review must "scrupulously avoid second-guessing the district court's determinations regarding whether [a plaintiff] has presented *evidence* sufficient to survive summary judgment." *Clanton v. Cooper*, 129 F.3d 1147, 1153 (10th Cir. 1997).

The issues raised in this appeal rely on disputed issues of fact. Defendants have contested only the district court's determinations regarding the existence of material facts and the sufficiency of Mr. Langford's evidence. *Cf. Armijo ex rel. Armijo Sanchez v. Peterson*, 601 F.3d 1065, 1070 (10th Cir. 2010) ("When a district court denies qualified immunity because of a factual dispute, that finding is not jurisdictionally dispositive on appeal if the defendants argue that immunity applies even under the plaintiff's version of the facts.") (quotation marks omitted). Because our review would require us to second guess the district court's determinations of evidentiary sufficiency, we lack jurisdiction to consider this appeal. *See Gross*, 245 F.3d at 1156-57.

We therefore DISMISS this appeal for lack of jurisdiction.[3]

Entered for the Court

David M. Ebel
Circuit Judge

---

[3]    Defendants have failed to comply with our requirement that all of the district court docket entries be included as part of their appendix.  *See* 10th Cir. R. 10.3(c)(8).