**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

WESLEY T. MOORE,

     Plaintiff - Appellee,

v.

DANIEL GODSIL,

     Defendant - Appellant,

and

CITY OF OKLAHOMA CITY,

     Defendant.

No. 12-6022
(W.D. Okla.)
(D.C. No. 11-CV-00086-M)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY** and **HOLMES**, Circuit Judges, and **MARTÍNEZ**, District Judge.[**]
_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable William J. Martínez, U.S. District Judge, District of Colorado, sitting by designation.

Defendant-appellant Daniel Godsil ("defendant") brings this interlocutory appeal from the district court's denial of his motion for summary judgment based on qualified immunity in this 42 U.S.C. § 1983 civil rights action. Because we lack subject matter jurisdiction to entertain defendant's appeal, we dismiss.

## I. Background

### A. Factual Background[1]

On July 24, 2009, Defendant Oklahoma City Police Officer Daniel Godsil responded to a call at a convenience store regarding illegal activity. One suspect fled from the area and was apprehended near plaintiff-appellee Wesley Moore's house.

Moore, who had nothing to do with the convenience store incident, came out of his house to watch the suspect's arrest. Moore's mother, Mrs. Maxine Moore, also came out of her residence next door to plaintiff's house. Mrs. Moore informed her son that she needed to go to the pharmacy to retrieve some medication. At this point, Mrs. Moore had room to pull her vehicle out of her driveway. However, before Mrs. Moore could pull her car out of her driveway, another police car pulled up and blocked her exit from her driveway. This police car was driven by Officer Burton, and it parked parallel to Officer Godsil's car. Officer Godsil estimated that the two police cars were stopped in this manner for a "couple of minutes, a few minutes."

Moore approached another police officer at the scene, Officer Garrett, who was standing near Officer Burton's and Officer Godsil's cars. Moore asked Officer Garrett if

---

[1] The following facts are taken as the district court found them.

the police officers could move the police car blocking the driveway (Officer Burton's car) so that Mrs. Moore could leave to pick up her prescription medication. Officer Garrett told Moore to "wait a minute" or "give him a minute."

Soon thereafter, Moore observed his mother trying to drive over the curb in an attempt to drive her car out of the driveway, despite the obstructing presence of the police car. After observing his mother's actions, Moore entered the street and began walking towards Officer Burton's car in order to ask the police officers to move the police car blocking his mother's driveway. In response, Officer Godsil ordered Moore to exit the roadway. Moore was standing in the road, close to the curb, when this order was given. It is unclear how many times Officer Godsil gave this order to Moore.

Moore subsequently argued with Officer Godsil about whether the road was part of Moore's property. Officer Godsil then placed Moore under arrest for interfering with an official process by disobeying a lawful command. Moore estimated it was "a few minutes" between the time the second car blocked his mother's driveway and the time he was arrested.

## B. Procedural Background

On December 29, 2010, Moore brought this action against Officer Godsil and the City of Oklahoma City. The case was originally filed in state court, but was removed to the United States District Court for the Western District of Oklahoma on January 28, 2011. Moore brought a claim against Officer Godsil under 42 U.S.C §1983 alleging that Officer Godsil violated Moore's constitutional and civil rights by falsely arresting

him.

On December 1, 2011, Officer Godsil filed a Motion for Summary Judgment (the "motion"). The district court denied the motion on January 23, 2012. In reaching its holding, the district court stated:

> [T]he Court finds that there are disputed issues of material fact which prevent this Court from being able to determine whether Officer Godsil had probable cause to believe that plaintiff disobeyed a lawful command of a police officer in the discharge of his duties. Having reviewed the evidence submitted, the Court finds that it is disputed and/or unclear as to (1) how many times Officer Godsil ordered plaintiff to exit the roadway; (2) where specifically plaintiff was standing each time Officer Godsil ordered plaintiff to exit the roadway; (3) whether plaintiff was blocking the open portion of the roadway, and (4) whether there was any traffic on the street at the time of the incident. The Court finds a resolution of these disputed facts is necessary to determine whether Officer Godsil's order to plaintiff to exit the roadway was a lawful command of a police officer in the discharge of his duties.

Regarding Officer Godsil's argument that he was entitled to qualified immunity on Moore's §1983 claim, the district court stated:

> [T]he Court finds that there are disputed issues of material fact which prevent this Court from being able to determine whether Officer Godsil had probable cause to believe that Plaintiff disobeyed a lawful command of a police officer in the discharge of his duties. The Court further finds that these same disputed issues of material fact prevent the Court from being able to determine whether it would have been clear to a reasonable officer that probable cause was lacking under the circumstances, *i.e.* that the constitutional right at issue was clearly established in this specific situation. Accordingly, the Court finds that summary judgment is not appropriate on the grounds of qualified immunity.

On January 24, 2012, Officer Godsil appealed the district court's denial of qualified immunity.

## II.  Discussion

### A.  Qualified Immunity

Qualified immunity protects public officials performing discretionary functions unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  Qualified immunity leaves "ample room for mistaken judgments," protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

When a defendant seeks summary judgment on the basis of qualified immunity, the burden shifts to the plaintiff to meet a strict two-part test.  "First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." *Nelson v. McMullen,* 207 F.3d 1202, 1206 (10th. Cir. 2000).  Only if the plaintiff makes this two-part showing does the burden then shift back to the defendant to demonstrate "that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Id*.

### B.  Jurisdiction

We review issues of subject matter jurisdiction *de novo*.  *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc*., 190 F.3d 1156, 1160 (10th Cir. 1999).

Federal courts are courts of limited jurisdiction. Therefore, "we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Id.* (citations omitted).

An order denying summary judgment is a collateral order subject to immediate appeal where (1) the defendant raised a qualified immunity defense, and (2) the issue appealed concerns, not which facts might be provable, but whether certain facts establish the violation of clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 527-28, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). An order denying qualified immunity is appealable before trial only if it involves "neat abstract issues of law." *Johnson v. Jones*, 515 U.S. 304, 317, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) (quotations omitted); *see also Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001). When a district court's denial of qualified immunity rests on the existence of genuine material disputes of fact, the order is not immediately appealable. *See Gross*, 245 F.3d at 1156 (courts "clearly lack jurisdiction to review summary judgment orders deciding qualified immunity questions solely on the basis of evidence sufficiency") (quotation omitted); *Armijo ex rel. Chavez v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1259 (10th Cir. 1998) ("where the district court makes a legal finding and states specific facts upon which that finding is based, we do not have jurisdiction to delve behind the ruling and review the record to determine if the district court correctly interpreted those facts to find a genuine dispute").

**C. Analysis**

In this case, the right asserted by plaintiff is the Fourth Amendment right to be free from arrest without probable cause. "Probable cause to arrest exists where, under the totality of the circumstances, a reasonable person would believe that an offense has been committed by the person arrested." *Morris v. Noe*, 672 F.3d 1185, 1192 (10th Cir. 2012) (internal citations omitted). The probable cause inquiry is an objective one. *Id.* "An arrest is not invalid under the Fourth Amendment simply because the police officer subjectively intended to base the arrest on an offense for which probable cause is lacking, so long as 'the circumstances, viewed objectively, justify' the arrest." *Howards v. McLaughlin*, 634 F.3d 1131, 1142 (10th Cir. 2011) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)). "That is, an arrest is lawful as long as probable cause exists for some offense." *Morris*, 672 F.3d at 1192.

The district court held that genuine disputes of material facts prevented the court from finding that Officer Godsil had probable cause to arrest plaintiff, and we agree. Here, the district court specifically noted the conflicting material facts related to the incident and articulated how these conflicting facts prevented a finding of probable cause. Viewing the facts in the light most favorable to plaintiff as the nonmoving party, which the court must do when considering summary judgment, a reasonable officer could have believed that he did not have probable cause to arrest plaintiff under clearly established law. *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815, 120 S.Ct. 53, 145 L.Ed.2d 46

(1999). Therefore, genuine issues of material fact prevent the court from finding that there was probable cause to arrest plaintiff.

Given the facts and law described above, the district court correctly stated that "disputed issues of material fact prevent the [c]ourt from being able to determine whether it would have been clear to a reasonable officer that probable cause was lacking under the circumstances, *i.e.* that the constitutional right at issue was clearly established in this specific situation." Aplt. App. 646. Accordingly, genuine material disputed facts prevent a finding that defendant breached his duty under the Fourth Amendment or is entitled to qualified immunity.

Because this court cannot "review the record to determine if the district court correctly interpreted th[e] facts to find a genuine dispute," we lack subject matter jurisdiction to entertain this appeal. *Armijo*, 159 F.3d at 1259; *see also Gross*, 245 F.3d at 1158 (holding that when appellate review "would necessitate an assessment of the district court's evidentiary conclusions, we must dismiss [defendants'] appeal of the district court's decision" denying qualified immunity).

## III. Conclusion

For the foregoing reasons, the appeal of Daniel Godsil is DISMISSED.

Entered for the Court


William J. Martínez
United States District Judge

-8-

12-6022, *Moore v. City of Oklahoma City*

**HOLMES**, Circuit Judge, concurring in the judgment.

I respectfully concur in the judgment. I agree with the majority that the appeal should be dismissed for lack of subject-matter jurisdiction. The proponent of subject-matter jurisdiction has the burden to establish it. *See, e.g.*, *Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1275 (10th Cir. 2011) ("Where an appellant fails to lead, we have no duty to follow. It is the appellant's burden, not ours, to conjure up possible theories to invoke our legal authority to hear her appeal."). In my view, Officer Godsil has failed to do this.

The district court expressly set forth what it considered to be genuine disputes of material fact that caused it to deny Officer Godsil's motion for summary judgment. I do not need to agree with the district court's assessment of the factual landscape. Indeed, it would not be appropriate for me to second-guess that assessment. *See, e.g.*, *Clanton v. Cooper*, 129 F.3d 1147, 1153 (10th Cir. 1997). It suffices for me to observe that, absent some cogent argument from Officer Godsil to the contrary, *see, e.g.*, *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008) ("Our jurisdiction also extends to situations where a defendant claims on appeal that accepting the plaintiff's version of the facts as true, he is still entitled to qualified immunity."), under controlling precedent, it ineluctably follows from the district court's resolution of Officer Godsil's motion that we must dismiss this appeal for lack of subject-matter jurisdiction, *see, e.g.*, *Fogarty v. Gallegos*, 523 F.3d 1147, 1154 (10th Cir. 2008); *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001). Officer Godsil makes no such argument in his opening brief under the rubric of jurisdiction. *See* Aplt. Opening Br. at 2 ("[T]his court's jurisdiction necessarily

includes reviewing the record to determine whether there is *a genuine issue for trial*."

(emphasis added)).  And he only does modestly better—notably, in late-blooming

fashion—in his reply brief.  *See* Aplt. Reply Br. at 4–5.  In my view, Officer Godsil has

not carried his burden on the critical, threshold question of jurisdiction.  Accordingly, this

matter should be dismissed.  I thus respectfully concur in the judgment.