FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC BRANDT,

     Plaintiff - Appellant,

v.

JAMES CRONE, Elected Sheriff, Morgan
County, Colorado,

     Defendant - Appellee.

No. 21-1093
(D.C. No. 1:19-CV-03103-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.
_____

In this pro se 42 U.S.C. § 1983 case, Eric Brandt appeals from a district court

order granting Sheriff James Crone's motion to dismiss on the basis of qualified

immunity.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND[1]

On July 26, 2018, Mr. Brandt was inside the lobby of the Morgan County, Colorado, Sheriff's Department seeking public records. Mr. Brandt's "associate," Abade Irizarry, joined him in the lobby and started "live-streaming the events to his youtube channel." R. at 11, ¶¶ 9, 10.

Mr. Brandt began criticizing Sheriff's Department officers and employees shown in a photo hanging on a wall. Speaking "to [Mr.] Irizarry and his viewers," Mr. Brandt identified the pictured individuals and linked them to "events [he] had been investigating." *Id.* at 11, ¶ 14.

Sheriff Crone[2] overheard Mr. Brandt's comments, exited his office, and entered the lobby, "express[ing] his intolerance for [Mr. Brandt's] descriptions of his staff members and employees." *Id.* at 11, ¶ 16. Sheriff Crone found the comments "loud" and "disparaging." *Id.* at 14-15, ¶ 57 . He told Mr. Brandt "that if [he] desired to continue making his comments then he could go outside" because the two female Sheriff's

---

[1] Our recitation of this case's factual background is derived from Mr. Brandt's first amended complaint. To the extent Mr. Brandt presents in his appellate briefs facts that are in addition to, or different from, those pled in his complaint, we do not consider them. *See Moya v. Schollenbarger*, 465 F.3d 444, 457 n.16 (10th Cir. 2006) (noting "[i]t is well-established that in determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint" (ellipsis and internal quotation marks omitted)).

[2] Although Sheriff Crone is now retired and is no longer in office, we will retain his title throughout this order and judgment for simplicity.

Department clerks working in the lobby did "'not need to hear'" Mr. Brandt's "'inappropriate'" comments.  *Id.* at 12, ¶ 17.

Mr. Brandt and Mr. Irizarry asked Sheriff Crone "what specifically was inappropriate about their comments."  *Id.* at 12, ¶ 18.  Sheriff Crone replied they "were loud and noisy" and were "disrupting operations," and he repeated, "'If you want to make these comments, go outside and do it.'"  *Id.* at 12, ¶¶ 19, 22.  Mr. Irizarry then challenged Sheriff Crone to "'name one [comment], in specific, that was offending.'"  *Id.* at 12, ¶ 23.  Sheriff Crone identified a comment "'about someone being sexually assaulted and things like that[,]'" and he explained that "'the manner [in which] you're saying it, these ladies don't need to hear this.'"  *Id.* at 12, ¶ 24.  Sheriff Crone then ordered Mr. Brandt and Mr. Irizarry to leave the building and he threatened to arrest them if they refused.  Mr. Brandt and Mr. Irizarry left the building, followed by Sheriff Crone.

On October 31, 2019, Mr. Brandt filed the instant § 1983 case in federal district court.[3]  He pled four claims, alleging that Sheriff Crone: (1) violated his free-speech rights by "stopp[ing] [his] speech and prevent[ing] [him] from delivering and sharing his message of . . . corruption and abuse by members of the Morgan County law enforcement community," *id.* at 16, ¶ 69; (2) retaliated against him by "halting [his] speech" and "preventing [him] from completing and submitting his public records requests," *id.* at 19,

---

[3] Mr. Brandt has expressly confined this lawsuit to the events that transpired inside the Sheriff's Department lobby.  *See* Aplt. Opening Br. at PDF pg. 55 ("[T]his action [is] limited strictly to plaintiff's injuries up to the moment [he] crossed the threshold to the outside."); *see also* R. at 70 (stating, in opposition to Sheriff Crone's motion to dismiss, that "[t]he instant matter addresses [Sheriff] Crone's behavior INSIDE the Sheriff's Office").

¶ 97; (3) unreasonably seized him "[b]y forcing [him] under threat of arrest to leave the lobby," *id.* at 22, ¶ 129; and (4) "deprived [him of] his rights secured by [the] Constitution without the benefits of" due process, *id.* at 23, ¶ 137.  Mr. Brandt sought declaratory, injunctive, and monetary relief, including punitive damages.

Sheriff Crone moved to dismiss under Fed. R. Civ. P. 12(b)(6), asserting qualified immunity.  Mr. Brandt filed a response.  The district court granted the Sheriff's motion, explaining that Mr. Brandt failed to plead a clearly established constitutional violation. This appeal followed.

## DISCUSSION
### I.  Standards of Review

"We review de novo the grant of a motion to dismiss under Rule 12(b)(6) due to qualified immunity."  *Doe v. Woodard*, 912 F.3d 1278, 1288 (10th Cir. 2019).  In conducting our review, "we accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party."  *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir. 2006) (brackets and internal quotation marks omitted).  Although we construe Mr. Brandt's pro se filings liberally, we cannot act as his advocate, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), and we "will not supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf," *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  But "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## II. Qualified Immunity

In response to Sheriff Crone's motion to dismiss, Mr. Brandt had the burden to show that (1) "a constitutional violation occurred," and (2) "the constitutional right was clearly established at the time of the alleged violation." *Doe*, 912 F.3d at 1289 (internal quotation marks omitted). "A court evaluating qualified immunity is free to exercise its sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first . . . ." *Id.* (brackets and internal quotation marks omitted). "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity." *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001). The district court decided Sheriff Crone's motion under the clearly-established prong, and we do so as well.

"To qualify as clearly established, a constitutional right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Redmond v. Crowther*, 882 F.3d 927, 935 (10th Cir. 2018) (internal quotation marks omitted). "At the motion to dismiss stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness." *Doe*, 912 F.3d at 1288 (brackets and internal quotation marks omitted).

A right qualifies as clearly established "when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts

shows that the right must be as the plaintiff maintains." *Redmond*, 882 F.3d at 935 (brackets and internal quotation marks omitted). "The dispositive question is whether the violative nature of *particular* conduct is clearly established. We therefore must determine whether a right is clearly established in light of the specific context of the case, not as a broad general proposition." *Id.* (citation and internal quotation marks omitted). In other words, "a right is clearly established when a precedent involves materially similar conduct or applies with obvious clarity to the conduct at issue." *Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017) (emphasis and internal quotation marks omitted). "This high bar ensures qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Redmond*, 882 F.3d at 935 (internal quotation marks omitted).

We begin our analysis by identifying the relevant conduct underlying each of Mr. Brandt's claims for relief. We agree with the district court's characterization of that conduct: whether "an officer who asks individuals who are attempting to make a records request to leave a public building so as to allow them to make their otherwise disruptive comments outside and does not altogether prevent those individuals from otherwise making the comments or requesting records violates the First, Fourth, and Fourteenth Amendments." R. at 390-91.

Mr. Brandt concedes a case with similar characteristics "would surely be an absurd outlier if it existed at all." Aplt. Opening Br. at PDF pg. 58. Consequently, he asks that we find, as a factual matter, that his conduct inside the Sheriff's lobby was not disruptive. To that end, he urges us to view a video of the incident and to consult

6

testimony from Mr. Irizarry's trial. But "we are not a trier of fact." *Green v. Johnson*, 977 F.2d 1383, 1388 (10th Cir. 1992). At the motion-to-dismiss stage, our focus is on the complaint's allegations. *Doe*, 912 F.3d at 1288.[4] In that pleading, Mr. Brandt alleges that Sheriff Crone heard the comments from his office and went to the lobby, where he told Mr. Brandt that if he wanted to continue making his comments, which involved criticizing Sheriff's department staff members and employees, he could go outside, because the comments were "loud," "inappropriate," and "disrupting operations," R. at 12, ¶¶ 18, 19. When Mr. Brandt and Mr. Irizarry challenged Sheriff Crone to identify "what specifically was inappropriate about their comments," they were ordered out of the lobby. *Id.*[5] Up to that point, the complaint indicates Mr. Brandt remained free to pursue his records request.

Mr. Brandt does not identify any case sharing these characteristics. "Although it is not necessary for the facts in the cited authority to correspond exactly to the situation the plaintiff complains of, the plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Est. of B.I.C. v. Gillen*, 761 F.3d 1099, 1106 (10th Cir.

---

[4] Mr. Brandt's references to "material facts in genuine dispute," *see, e.g.*, Aplt. Opening Br. at PDF pg. 45, appear to invoke the summary judgment standard, *see* Fed. R. Civ. P. 56(a), which has no application on review of a Rule 12(b)(6) dismissal.

[5] Although Mr. Brandt alleges in his complaint that he was "speaking at a reasonable volume level," R. at 15, ¶ 54, the complaint also indicates that Sheriff Crone perceived it as "disrupting Sheriff's Office operations," *id.* at 15, ¶ 63, and on appeal, Mr. Brandt agrees Sheriff Crone believed he (Mr. Brandt) "was loud, noisy and disrupting operations." Aplt. Opening Br. at PDF pg. 45.

2014).  But Mr. Brandt's 66-page opening brief is largely devoid of caselaw on the subject of clearly-established constitutional rights.  The opening brief briefly mentions three of the cases Mr. Brandt advanced in the district court, but none of those cases clearly establishes the unlawfulness of Sheriff Crone's conduct.  *See Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 48-51 (1983) (holding that a school district properly excluded certain persons from its internal mail system because the system was a nonpublic forum); *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 514 (1969) (holding that wearing black armbands in school to protest the Vietnam war was protected speech, as there was no indication it would "substantial[ly] disrupt[ ] or material[ly] interfere[ ] with school activities"); *Brown v. Louisiana*, 383 U.S. 131, 137-38, 142 (1966) (plurality opinion) (reversing convictions of African-Americans who, despite causing "no disruption of library activities," were arrested when they refused sheriff's order to leave public library).  Nevertheless, like the district court, we have independently surveyed the relevant caselaw and found no precedent that obviously applies or involves materially similar conduct.

Moreover, in the context of the First Amendment's guarantee of free speech, "[n]othing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of government property without regard to the nature of the property." *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1148 (10th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 111 (2021).  "Under the First Amendment, the extent to which the government may regulate access to public property depends on the category of forum into which the

8

property falls: the traditional public forum, the designated public forum, and the nonpublic forum." *McCraw v. City of Okla. City*, 973 F.3d 1057, 1067 (10th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1738 (2021). Only in a traditional public forum is "the government's right to limit expressive activity . . . sharply circumscribed." *Brewer v. City of Albuquerque*, 18 F.4th 1205, 1219-20 (10th Cir. 2021) (internal quotation marks omitted). "In contrast, designated public fora are places that are not generally open to the public for First Amendment activity and are created by purposeful governmental action to allow speech activity," and "[a]ccess to a nonpublic forum can be restricted" altogether by reasonable, viewpoint neutral rules. *Evans v. Sandy City*, 944 F.3d 847, 853 (10th Cir. 2019) (brackets and internal quotation marks omitted).

We are aware of no Tenth Circuit or Supreme Court case, or a clear weight of authority from other courts, addressing the unique character of a location such as a Sheriff's Department's lobby and the attendant First Amendment limitations where, as here, the speech is curtailed because of a perceived disruption to office operations. Because existing law has not "placed the constitutionality of [Sheriff Crone's] conduct beyond debate," *Thompson v. Ragland*, 23 F.4th 1252, 1255 (10th Cir. 2022) (brackets and internal quotation marks omitted), he is entitled to qualified immunity on Mr. Brandt's free-speech claims.

As for Mr. Brandt's Fourth Amendment claim, we have not located authority clearly establishing that Sheriff Crone unreasonably seized Mr. Brandt "[b]y forcing [him] under threat of arrest to leave the lobby," R. at 22, ¶ 129. Ordinarily, "[a] seizure

occurs for Fourth Amendment purposes whenever a police officer accosts an individual and restrains his freedom to walk away." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1253 (10th Cir. 2007) (internal quotation marks omitted); *see also Torres v. Madrid*, 141 S. Ct. 989, 995 (2021) (observing that "the seizure of a person . . . can take the form of physical force or a show of authority that in some way restrains the liberty of the person" (brackets and internal quotation marks omitted)).  Once there has been a seizure, its reasonableness "depends on the balance between the nature and quality of the intrusion on the individual's Fourth Amendment interests and the importance of the governmental interests alleged to justify the intrusion." *Novitsky*, 491 F.3d at 1253 (brackets, ellipsis, and internal quotation marks omitted).  Sheriff Crone's conduct in ordering Mr. Brandt to leave the lobby due to a perceived disruption of office operations appears to present a novel Fourth Amendment issue, or at least one that is not beyond debate.  Sheriff Crone is therefore entitled to qualified immunity on Mr. Brandt's Fourth Amendment claim.

Finally, we turn to Mr. Brandt's Fourteenth Amendment due-process claim, which is labeled, "Procedural Due Process," but appears to include both procedural and substantive allegations.  *See* R. at 23.  "To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a [life, liberty, or property] interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Merrifield v. Bd. of Cnty. Com'rs* , 654 F.3d 1073, 1078 (10th Cir. 2011) (internal quotation marks omitted).  To assess whether an individual was denied

10

substantive due process where, as here, the claim does not involve legislative action,

courts ask whether there was a deprivation "of life, liberty, or property in a manner so

arbitrary [that] it shocks the judicial conscience." *Doe*, 912 F.3d at 1300. We are

unaware of precedent that would have provided Sheriff Crone fair warning that ordering

Mr. Brandt out of the lobby based on his perception of an office disruption violates either

procedural or substantive due process. *See Janny v. Gamez*, 8 F.4th 883, 913 (10th Cir.

2021) ("The salient question is whether the state of the law at the time of an incident

provided fair warning to the defendants that their alleged conduct was unconstitutional."

(internal quotation marks omitted)), *cert. dismissed*, 142 S. Ct. 878 (2022). Thus, Sheriff

Crone is entitled to qualified immunity on Mr. Brandt's due-process claim.

### CONCLUSION[6]

We affirm the district court's judgment. To the extent Sheriff Crone seeks an

award of costs, "he should file an appropriate motion under Fed. R. App. P. 39." *O'Toole*

*v. Northrop Grumman Corp.*, 499 F.3d 1218, 1227 n.3 (10th Cir. 2007).

Based on our review of Mr. Brandt's financial declarations, we grant his motion to

proceed on appeal in forma pauperis. *See* 28 U.S.C. § 1915(a)(1); *Whitney*, 113 F.3d

at 1172 n.1 (stating that the filing-fee provisions of the Prison Litigation Reform Act do

---

[6] Mr. Brandt has filed a motion asking that we admonish Sheriff Crone's attorney and strike his response brief for allegedly committing ethics violations. Although this court has the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process," *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015), nothing described in Sheriff Crone's brief satisfies that standard. Accordingly, we deny Mr. Brandt's motion.

not apply where, as here, the appellant was not a prisoner when the notice of appeal was

filed).  Finally, we grant Mr. Brandt's motion to allow the late filing of his reply brief.

Entered for the Court


Veronica S. Rossman
Circuit Judge